## JENIFER ET AL. *v.* KINCAID

[No. 197, October Term, 1947.]

Decided June 17, 1948.

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Walter M. Jenifer* and *Stratford E. McKenrick* for the appellants.

*William Sinsky* and *Morton H. Perry*, with whom was *James E. Stansbury* on the brief, for the appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal by H. Courtenay Jenifer, Committee of the Estate of Mattie Miles; Joseph A. Miles; and Christine D. Miles; appellants; from an order of the Circuit Court for Baltimore County overruling a demurrer to the petition of Cecelia Kincaid, Trustee for Mattie Miles, appellee.

On October 7, 1946, S. Alvirda Hanna filed a petition in the Circuit Court for Baltimore County in which she stated that she was a niece of Mattie Miles who was about eighty years of age and an incompetent. She made the following allegations. The next of kin of Mattie Miles are the petitioner, and the following nieces and nephews. Martha Ellen Murphy, Cecelia Kincaid and William H. Troyer. The said Mattie Miles inherited real estate, also bonds and securities of a value of more than $19,000. Joseph A. Miles and Christine D. Miles, his wife, by deception and fraud practiced upon Mattie Miles persuaded her to leave the farm upon which she lived and to reside with them in a house owned by her to the entire exclusion of Mattie Miles, nieces and nephews. Prior to the time when Mattie Miles moved to

this house the petitioner often visited and cared for her, but since that time the nieces and nephews have not been allowed to see her. The petitioner further alleged that Mattie Miles was not physically or mentally capable or competent to manage her property or business affairs. By means of deception, fraud and duress, the said Joseph and Christine Miles persuaded and caused Mattie Miles to convey or transfer to them all her property so that in the event of her death all her property would pass unto the said Joseph and Christine Miles, thereby depriving the next of kin of Mattie Miles of any distributive . share of her estate. At the time these conveyances were made to Joseph and Christine Miles, the said Mattie Miles was incompetent and mentally incapable of executing a valid deed or contract. Because of the fraud, deception and duress practised by Joseph and Christine Miles, the said Mattie Miles has been deprived of all her property, real, personal and mixed, and there is a possibility that she may become a public charge. The petitioner further alleged that Mattie Miles was mentally incompetent and of unsound mind and Joseph and Christine Miles prevailed upon the incompetent to have certain bonds and bank accounts transferred to Mattie Miles and themselves as joint tenants.

The petitioner prayed that subpoenas be served upon Mattie Miles, Joseph Miles and Christine Miles. The petitioner asked that a trustee be appointed to take charge of and manage the person, property and estate of the said Mattie Miles under the jurisdiction of the court; that Joseph and Christine Miles be enjoined from disposing of any interest they may have in any real estate conveyed to them by Mattie Miles and also be enjoined from withdrawing any money from any bank, institution, or loan association or from disposing of any bonds or other securities in which Mattie Miles, Joseph Miles and Christine Miles are designated as joint owners or joint tenants or joint trustees or otherwise.

An answer was filed to that petition by Joseph and Christine Miles, through Jenifer and Jenifer, solicitors,

denying the material allegations of the bill. They further alleged that Joseph A. Miles is a cousin of Mattie Miles; that H. Courtenay Jenifer, Esquire, has continuously since the death of the brother of Mattie Miles been her counsel and advisor and has had full control under her direction of all her property and estate of every nature and kind. They alleged that in August, 1946, Mattie Miles suffered a partial paralytic stroke as a result of which her physical and mental faculties have become impaired and at this time she is probably not mentally capable or competent of the management of her property or business. She is possessed of property set out in the answer and there is no possibility of her ever becoming a public charge.

After the chancellor took testimony in open court, a decree was signed on January 21, 1947, assuming jurisdiction of the personal property and estate of Mattie Miles and appointing Christine Miles, committee of the person of Mattie Miles under direction and supervision of the court. The decree further ordered that H. Courtenay Jenifer be appointed committee of the estate of the said Mattie Miles with full power and authority to care for and manage her property, upon filing bond therein provided. The decree further ordered that Cecelia Kincaid, a niece of Mattie Miles, "be and she is hereby appointed Trustee for the sole purpose of inquiring into the circumstances surrounding any conveyance, or conveyances, of real estate made by the said Mattie Miles within the period of the last five years immediately prior to the date hereof, and report to this Court any circumstances which may warrant the filing in this Court by said Cecelia Kincaid, as Trustee, a petition, or petitions, asking that any such conveyance, or conveyances be set aside by this Court and declared to be null and void, this Court reserving, however, any action or decision on any such petition, or petitions, pending a full hearing in this Court thereon; it not being assumed that this Court by the appointment of the said Cecelia Kincaid as Trustee for the purpose provided herein, is passing judgment upon the merits of

the allegations of the petition of S. Alvirda Hanna, the petitioner herein, concerning the legality or validity of any conveyance, or conveyances, or other disposition made by the said Mattie A. Miles of any of her property within said five-year period." No appeal was taken from that decree.

With leave of court on November 4, 1947, Cecelia Kincaid, Trustee appointed by the Court for Mattie Miles, filed a petition setting out that Mattie Miles was eighty years of age and the names of her nieces and nephews as next of kin. The petition also made the following allegations. Upon the death of her only two brothers, Mattie Miles inherited three parcels of land. She also inherited cash, bonds, and securities of the value of about $19,000. Shortly after the death of George Miles, her last surviving brother, a distant relative named Joseph Miles, together with Christine Miles, his wife, by fraud and deceit induced her to leave the farm upon which she lived and make her home with them. Subsequently Joseph and Christine Miles have established themselves in a confidential relationship with Mattie Miles. They have taken advantage of such confidential relationship and induced her to purchase certain property for the sum of $7,500, she retaining a life interest in herself, with the remainder to Joseph and Christine Miles, and have also persuaded her to take them to live with her in this property at no cost to them. Joseph and Christine Miles have further taken advantage of the confidential relationship existing between them and Mattie Miles and fraudulently and deceitfully induced her to convey to them absolutely three parcels of land which she inherited upon the death of her brother and no consideration whatsoever was passed from Joseph and Christine Miles to her for said conveyances. Joseph and Christine Miles have established such confidential relationship and have refused to allow the petitioner and other next of kin of Mattie Miles to converse with, see or visit her, although on numerous occasions they have attempted to do so. The petition further alleges that Mattie Miles was not physically or

mentally capable or competent to manage her business affairs. At the time Joseph and Christine Miles used, as a result of their confidential relationship, fraud, duress and deceit, thereby persuading and causing Mattie Miles to execute deeds transferring her real estate to them, she was incompetent and mentally incapable of executing a valid deed or contract. Because of the fraud, deception and duress exercised by Joseph and Christine Miles on her and by reason of the confidential relationship existing between them, she has been deprived and stripped of all her property, inequitably and without just consideration therefor.

The petition asked that subpoenas be served on Mattie Miles, Joseph Miles and Christine Miles. The petition also asked that Joseph and Christine Miles be enjoined from disposing of any interest they may have in any real property conveyed to them by Mattie Miles; that any conveyance from her to them be set aside and declared null and void; that they be required to account for all money, bonds, securities and any other property, real, personal or mixed, in which Mattie Miles, Joseph and Christine Miles are designated as joint owners or joint tenants or joint trustees or otherwise.

With leave of court H. Courtenay Jenifer, Committee of the Estate of Mattie Miles; Joseph A. Miles; and Christine D. Miles, on November 26, 1947, filed a demurrer to the petition last herein set forth. From an order of court overruling that demurrer and granting leave to Joseph and Christine Miles to file an answer, the appellants appeal.

Appellants claim (1) that the lower court had no power to appoint Cecelia Kincaid trustee for the limited purpose as provided in the decree of January 21, 1947; (2) that the appellee did not have such an interest in the subject matter as would entitle her to file the petition here in question; (3) that this petition was not properly filed in the proceeding instituted for the purpose of the appointment of a trustee under the Non Compos Mentis provisions of the Code; and (4) that the court was not

correct in its ruling on the demurer to the petition here in question.

Code 1939, Article 16, Section 123, provides:

"The court shall have full power and authority, in all cases, to superintend and direct the affairs of persons *non compotes mentis,* both as to the care of their persons and the management of their estates, and may appoint a committee, or a trustee or trustees for such persons, and may make such orders and decrees respecting their persons and estates as to the court may seem proper."

The language of this section is broad and gives the court large discretionary powers in dealing with the persons and estates of persons *non compos mentis. Rutledge v. Rutledge,* 118 Md. 552, 556, 85 A. 661.

In the case of *In re Paca,* 140 Md. 45, 116 A. 847, William W. Paca, in May, 1873, was adjudicated an incompetent by the court and a committee was appointed for him. The original committee died and in 1905 another person was appointed as trustee of the estate and committee of the person of William W. Paca, lunatic. Apparently in the same proceeding, sometime about the year 1922, a petition was filed by one William P. Rasin, as the next friend and nephew of the lunatic, in which he made the following allegations. The said William W. Paca, the lunatic, had never executed a will and it was then not probable that the lunatic would ever recover his reason. The petitioner and his brother and sisters were the heirs at law of William W. Paca and would probably receive his entire estate. He further alleged that William B. Paca, the nephew of William W. Paca, had died leaving a paper purporting to be the last will and testament of William B. Paca. In that purported will he left an estate of approximately $75,000 to strangers of the blood of William B. Paca. At the time of the execution of this purported will the testator was of unsound mind. He alleged that William B. Paca in fact died intestate and his estate should be distributed to William W. Paca, lunatic, as the uncle of William B. Paca and his sole heir and next of kin. He further alleged that the then trustee

of the estate and committee for the person of William
W. Paca was left $1,000 in the will of William B. Paca
and had refused to file a caveat to the will of William B.
Paca, although requested to do so. He alleged therefore
that the committee as trustee for William W. Paca and
as a legatee under the will of William B. Paca occupied
conflicting positions and was not a proper party to in-
stitute and conduct caveat proceedings against the will
of William B. Paca. He further alleged that it was to
the interest of the estate of William W. Paca that the
caveat be filed. He was filing the petition not only on ac-
count of his interest in the estate of William W. Paca
as one of his nearest relations, but likewise because of
his interest in the welfare of the said lunatic. He asked
that a committee or guardian *ad litem* of the person and
estate of William W. Paca be appointed, ancillary and
independent of the committee of the estate of the lunatic
then in existence, to caveat the last will and testament
of William B. Paca. This petition was dismissed by
the lower court. On appeal this Court found that the
facts alleged in the petition were of such a character
as to demand that a court having jurisdiction and control
over the lunatic's person and estate take some action to
have the facts passed upon. It further held that as Wil-
liam W. Paca was the only heir and next of kin of William
B. Paca no one else could caveat the will and if the facts
alleged in the petition were true, it would materially add
to the lunatic's estate. The Court there further found
that it might be that the heirs and next of kin of William
W. Paca in reality have more interest in the result of
the caveat than William W. Paca and while they have
no legal interest in his estate during his life, that fact
ought not to prevent the Court from taking such steps
as are necessary to have the question determined. This
Court further held in that case it was manifest that the
then committee and trustee of William W. Paca, being
a legatee under the will of William B. Paca, although a
person of integrity, would not be the proper person to
conduct the caveat because the law would not permit

him to be the sole representative of the lunatic in litigation which he was interested in defeating. The Court remanded the case for further proceedings so that the petition could be amended to have a prayer for process or order against the committee of William W. Paca, who should have been made a party to the petition, for his appearance.

(1) In the instant case, H. Courtenay Jenifer, Esquire, was counsel for Mattie A. Miles at the time the conveyances in question were made to Joseph and Christine Miles, defendants. His law firm filed the answer of the defendants to the petition now in dispute. It is therefore manifest, as in the case of *In re Paca, supra,* without reflecting on Mr. H. Courtenay Jenifer's integrity in any way, that it would not be proper for the court, or fair to him, to put him in the position of inquiring into the circumstances surrounding the conveyancing and transfer of property from Mattie Miles to Joseph and Christine Miles. The chancellor was therefore certainly acting within his discretion when he appointed Cecelia Kincaid for this purpose. The court, therefore, in its broad discretionary powers in superintending and directing the affairs of the *non compos mentis,* had the authority to appoint Cecelia Kincaid trustee for the limited purposes as provided in the decree of January 21, 1947.

(2) and (3) As claimed by the appellants, the only party who can question the validity of transfers of property is one who can show an interest in the property or a right to the thing demanded. *Sellman v. Sellman,* 63 Md. 520; *Anderson v. Cecil,* 86 Md. 490, 38 A. 1074; *Bradford v. Mackenzie,* 89 Md. 763, 43 A. 923; *Webb v. Baltimore Commercial Bank,* 181 Md. 572, 577, 31 A. 2d 174. However, it is quite evident that S. Alvirda Hanna, who filed the original petition as niece and next friend of Mattie Miles, occupied practically the same position as William P. Rasin, who filed the petition as a nephew of William W. Paca in the case of *In re Paca, supra.* Cecelia Kincaid, as trustee, was made a party in interest by the court. It is also evident that she was appointed

trustee for the purpose of inquiring into the circumstances of any conveyances made by Mattie Miles and was directed to report to the court any circumstances warranting the filing of the petition asking that such conveyances be set aside. In her capacity as trustee she was made a party to the proceedings by the court. The petition filed by her was clearly pertinent to the duties for which she was appointed trustee and a necessary function in carrying out the duties with which she was entrusted, if she believed such a petition should be filed for the purpose of bringing before the court facts for its decision. The petition was also filed in the same case in which she was appointed trustee. It was filed, not in her own right but in the right of the incompetent, just as if she had been the incompetent's sole trustee or committee. We must therefore conclude that the petition in question was properly filed, and was properly before the court on demurrer.

(4) We are also of opinion that the allegations of the petition in question set out sufficient statements of fact to require the filing of an answer thereto. It is true, as claimed by the appellants, that the pleader must allege facts to show the jurisdiction of the court and mere conclusions, opinions and inferences without facts are not sufficient. In charging fraud, particular facts must be stated and no mere allegations of fraud are sufficient. It is also necessary in alleging a confidential relationship that facts must be stated upon which that allegation is based. *McIntyre v. Smith,* 154 Md. 660, 141 A. 405; *Billings v. Lippel,* 184 Md. 1, 40A. 2d 62.

The petition here in question alleges many particular facts. Some of them follow. Mattie Miles was eighty years of age and was the owner of valuable real estate and personal property. At the solicitation of Joseph and Christine Miles, she left the home where she resided and went to live with them in a house, purchased in 1943 by her, where defendants paid no rent and which house would eventually go to them. During this period it has been impossible for her relatives to communicate with

132

her. For no consideration she had deeded three parcels of land to defendants. She was mentally incapable of executing a deed or contract at the time these conveyances were made, and at that time Joseph and Christine Miles lived in the house with her, where she could not communicate with her relatives. The petition further alleges that during the time she lived with the appellants in this confidential relationship she was stripped of all her property by them. The answer of the defendants, filed on November 25, 1946, admitted that at the time of the filing of that answer, Mattie A. Miles was not mentally capable or competent to manage her property. The allegations of the petition were sufficient to require the appellants to answer. *Colgate D. Owings' Case,* 1 Bland 370, 392, 17 Am. Dec. 311; *Todd v. Grove,* 33 Md. 188; *Zimmerman v. Bitner,* 79 Md. 115, 125, 28 A. 820; *Upman v. Thomey,* 145 Md. 347, 358, 125 A. 860; *Mills v. Glenn,* 152 Md. 464, 136 A. 831; *Gaggers v. Gibson,* 180 Md. 609, 26 A. 2d 395; *Perkins v. Jackson,* Md. 53 A. 2d 678, 54 A. 2d 330.

*Order affirmed, with costs.*