488 A.2d 538
**Mary T. JUILIANO**

v.

**LION'S MANOR NURSING HOME.**

**No. 656, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

March 7, 1985.

**146**

Leah J. Seaton, Frederick, for appellant.

Gregory H. Getty, Cumberland, for appellee.

Argued before MOYLAN, GARRITY and ROSALYN B. BELL, JJ.

ROSALYN B. BELL, Judge.

The case before us presents yet again the question of the scope of judicial review regarding an administrative agency decision. In this instance, Lion's Manor Nursing Home (Employer) challenged the Employment Security Administration's [1] (ESA) award of unemployment insurance benefits to Mary T. Juiliano (Claimant). Although Employer did not attend the agency proceedings, it claimed a lack of substantial evidence because only one party presented information and witnesses. Employer also asserted that Claimant gave fraudulent testimony. Based on these allegations, the Circuit Court for Allegany County ordered the remand of the case to the agency to allow Employer to introduce its evidence.

Although Claimant's appeal from the circuit court decision focuses primarily on procedural issues, a factual background of the case will prove helpful.

Claimant worked as a Licensed Practical Nurse and Charge Nurse at Lion's Manor Nursing Home from January 1981 until March 25, 1982, when she voluntarily resigned. She filed a claim for unemployment insurance benefits, but a claims examiner of ESA found her ineligible on February 20, 1983. Claimant promptly appealed the denial of benefits. Written notice dated March 7, 1983, was sent to both Claimant and Employer informing them that a hearing would be held before an Appeals Referee at 9:00 a.m. on Wednesday, March 16, 1983, in the Hagerstown Office of ESA. The notice contained the following statement:

> "*THIS HEARING IS THE LAST STEP AT WHICH EITHER THE CLAIMANT OR THE EMPLOYER HAS THE ABSOLUTE RIGHT TO PRESENT EVIDENCE.* THE DECISION WILL BE MADE ON THE EVIDENCE PRESENTED. THE DECISION WILL AFFECT THE

---

1. ESA became the Department of Employment and Training during the course of this case.

CLAIMANT'S CLAIM FOR BENEFITS, AND IT MAY AFFECT THE EMPLOYER'S CONTRIBUTION TAX RATE OR REIMBURSEMENT ACCOUNT." (Emphasis and capitalization in original).

The hearing took place as scheduled but only Claimant appeared. The parties' statement of facts indicate that she testified patients were being abused at the nursing home and she repeatedly complained to the administration and attempted to report the problem to the proper authorities. Based on her personal and professional objections to the continued mistreatment of patients, Claimant quit her job. She also submitted to the Referee the affidavit of a former co-worker as corroboration of her assertions.

On March 23, 1983, the Appeals Referee issued a decision favorable to Claimant and found that

"[t]he record shows a continuing situation of neglect and abuse of patients by the employer about which the claimant complained repeatedly to the administration and advised patients' relatives to seek official assistance in enforcing legal requirements for nursing homes. The claimant cites numerous incidents in which flagrant neglect of patients, despite claimant's urging of attention, resulted in injury and in at least one case, may have contributed to a patient's death."

Employer called the agency but neither attended the hearing nor sent any evidence or representative in its behalf. No request for a postponement or relocation of the hearing was made. After the March 23 decision, however, Employer's representative filed an appeal to the ESA Board of Appeals, seeking to present evidence. No fraud was alleged at that time, and Employer made no claim that the Referee had failed to conduct the hearing in accordance with the applicable regulations.

On April 21, 1983, the Board of Appeals affirmed the Referee's decision. After this final agency decision, Employer filed a petition for appeal in the Circuit Court for Allegany County. At the same time, Employer moved for a

remand or, in the alternative, the taking of additional testimony.[2] Employer's affidavit, filed in support of its motion, further explained that it had received notice of the hearing and telephoned the local ESA office about the need to attend. Upon being referred to the Baltimore Office, Employer spoke to a Mr. Smith who stated that failure to appear would not forfeit any rights of appeal. Both ESA and Claimant filed answers and responses to Employer's petition in which they noted that the petition included no allegation or proof of fraud.

The hearing on Employer's motion was scheduled for September 2, 1983. Counsel for all parties appeared in court on that date, but the judge was unavailable to hear the case. On the same day, however, counsel for Employer sought to amend its original petition to include an allegation of fraud. Claimant previously had requested a subpoena duces tecum to compel ESA to file portions of the administrative record with the court, in response to which ESA filed a motion to quash. No disposition of these motions had occurred when the court heard arguments on October 21, 1983. Thus, three issues were outstanding: (1) the Employer's motion for remand and the responses filed thereto; (2) ESA's motion to quash; and (3) Employer's petition for amendment and the response filed thereto.

On May 4, 1984, the court issued an opinion granting Employer's motion for remand, with no mention of the other questions raised. Noting that its review was limited to the procedural aspects of the case, rather than the merits of the claim, the court held that

> "[t]he purpose of any administrative hearing is to consider all relevant evidence and testimony, to permit the hearing examiner to make findings of fact based upon that evidence and testimony and to reach a decision which

---

**2.** Employer did not cite authority for its request that the circuit court conduct the factfinding. We note, however, that the court had no jurisdiction to do so as only the agency makes the findings of fact. *See,* Md.Code Ann. Art. 95A, § 7(h).

is just under the circumstances. Basic fairness dictates that all parties are entitled to be heard and, indeed, the provisions of Maryland Code, Article 95 A, are written, and have been construed, to provide those assurances. This Court is satisfied, based upon the matters of record in these proceedings, that the underlying fairness requirement has not been satisfied with regard to this claim. Employer's Petition to Remand will, therefore, be granted."

On appeal to this Court, Claimant argues that the trial court abused its discretion when it remanded the case to the agency for further factfinding.[3] Specifically, she states: (1) No record was filed before the circuit court made its decision; (2) Employer voluntarily failed to attend the evidentiary hearing before the agency; and (3) Employer did not allege fraud until its appeal to the circuit court and, even then, did not offer proof of it.

Employer responds that the remand to take additional testimony was proper because the agency must consider all relevant information to make its decision. Without both sides presenting their evidence, the agency cannot render an informed assessment of the case.

The issue before this Court concerns whether the circuit court abused its discretion by deciding to remand the case due to "basic fairness." A brief discussion of the legislative history of the Unemployment Compensation Law and Maryland case law regarding judicial review of agency decisions will aid in the resolution of this question.

The General Assembly of Maryland enacted the Unemployment Compensation Law, Md.Code Ann., Art. 95A, in an Extraordinary Session held in December 1936. The Act became necessary upon the passage of federal legislation, which required each State to create an unemployment insurance program in order to receive federal funds. 29 U.S.

---

**3.** Remand to an administrative agency is a final and appealable order. *Schultz v. Pritts,* 291 Md. 1, 432 A.2d 1319 (1981).

C.A. § 49(c) (1933). At this emergency session, Governor Harry W. Nice addressed the Legislature and described the proposed law as "a plan to prevent the pauperization of men who have been laid off jobs because of economic conditions." House and Senate Journals, Extraordinary Session, December, 1936, *Proceedings of the House of Delegates* 19. In accordance with this theme, the declaration of State policy appearing in the Act concluded that "the compulsory setting aside of unemployment reserves [are] to be used for the benefit of persons unemployed through no fault of their own." 1936 Md.Laws 4 (Extraordinary Session).

The Act provided for judicial review of agency proceedings in a section that dealt with claims for benefits. Art. 95A § 6(i), 1936 Md.Laws 12–13 (Extraordinary Session). This portion specified the procedure for bringing an appeal to the circuit court and explained the scope of review:

> "[T]he findings of the Board of Review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law."

*Id.* This language remains in the current version of the section, except that the "Board of Review" has become the "Board of Appeals." *See,* Md.Code Ann., Art. 95A § 7(h) (1957, 1979 Repl.Vol., 1984 Cum.Supp.). Because the legislative history of the Act does not discuss the intended application of this provision, we turn to case law for the interpretation of the standard quoted above.

 To determine whether the evidence supports an administrative agency's factual findings, a court evaluates "whether reasoning minds could reasonably reach that conclusion by direct proof or by permissible inference from the facts and the record before the agency." *Commission on Human Relations v. Washington County Community Action Council,* 59 Md.App. 451, 455, 476 A.2d 222 (1984); *see also, Secretary of Health and Mental Hygiene v. Crowder,* 43 Md.App. 276, 282, 405 A.2d 279 (1979), quoting *Commissioner, Baltimore City Police Department v. Ca-*

*son,* 34 Md.App. 487, 508, 368 A.2d 1067 (1977). When making this assessment, the court may not substitute its judgment for that of the agency concerning credibility of witnesses and evidence. *Commission on Human Relations, supra; Crowder, supra; Cason, supra.*

If the court concludes that the evidence satisfies this requirement, it also must determine that the Board reached its findings "in the absence of fraud." Upon fulfillment of both facets of the standard, the agency facts become conclusive and limit court review to questions of law. *Memco v. Maryland Employment Security Administration,* 280 Md. 536, 541, 375 A.2d 1086 (1977); *Employment Security Board v. LeCates,* 218 Md. 202, 207, 145 A.2d 840 (1958); *Steamship Association v. Unemployment Compensation Board,* 190 Md. 215, 219, 57 A.2d 818 (1948); *Brown v. Maryland Unemployment Compensation Board,* 189 Md. 233, 237, 55 A.2d 696 (1947). The cases cited above, *Commission on Human Relations, supra; Crowder, supra;* and *Cason, supra,* explain the "substantial evidence" portion of the standard, but include no guidance regarding "absence of fraud." Hence, we look for assistance in case law discussing an action in fraud.

The Court of Appeals has delineated the elements of fraud as

(1) representation of a false material fact;
(2) knowledge or reckless disregard of the falsity;
(3) the statement was intended to defraud plaintiff;
(4) reliance by plaintiff on the false representation, and the right of plaintiff to so rely;
(5) damage resulting to plaintiff.

*Appel v. Hupfield,* 198 Md. 374, 378, 84 A.2d 94 (1951). When arising in proceedings before a court or an agency, fraud could include perjury, which "consists of swearing falsely and corruptly, without probable cause of belief. To be willful, the false oath must be deliberate...." *State v. Devers and Webster,* 260 Md. 360, 372, 272 A.2d 794 (1971); *see Smith v. State,* 51 Md.App. 408, 419, 443 A.2d 985

(1982). In certain circumstances, the fraud referred to also may encompass actions of the agency itself.[4] *Fuller Company v. Elderkin*, 160 Md. 660, 669, 154 A. 548 (1931).

In any event, "particular facts must be stated" to support an assertion of fraud, and "no mere allegations ... are sufficient." *Wooddy v. Wooddy*, 256 Md. 440, 451, 261 A.2d 486 (1970); *Jenifer v. Kincaid*, 191 Md. 120, 131, 59 A.2d 765 (1948). In administrative law, the agency functions as the trier of fact, and the circuit court reviews the law on appeal. Because an allegation of fraud is factual in nature, a party must raise it before the agency. If fraud was or should have been discovered during those proceedings, failure to assert the issue acts as a waiver. In the rare instance in which the fraud could not be ascertained until after the conclusion of the agency proceedings, it may present a basis for remand to consider the issue. Such a situation, however, does not exist in the present case.

Only if the evidence supports the agency findings and no fraud has been proved do the agency findings become conclusive. Circuit court review then becomes limited to questions of law. *Watkins v. Employment Security Administration*, 266 Md. 223, 225, 292 A.2d 653 (1972); *Barley v. Department of Employment Security*, 242 Md. 102, 106, 218 A.2d 24 (1966); *Fuller Company*, 160 Md. at 668–69, 154 A. 548.

In the case before us, no record was filed prior to the circuit court's review, so the court in effect decided the appeal without considering the facts presented to the agency. This action contradicts the requirement of the Unemployment Compensation Law and relevant cases that the

---

4. In *Fuller Company v. Elderkin*, 160 Md. 660, 669, 154 A. 548 (1931), the Court of Appeals stated that "where a body such as the board of awards, clothed with discretionary powers, acts within the power conferred by law and *without taint of fraudulent, collusive, or arbitrary conduct*, its conclusions, even if mistaken, are not reviewable by the courts." (Emphasis added.) This issue is not before us and, therefore, we will not address that aspect further.

court review the evidence to determine whether it supports the agency's findings.

Moreover, Employer neither timely nor adequately raised the issue of fraud. Although Employer did not attend either the proceedings before the Examiner or the review by the Appeals Referee, it did receive a copy of the Referee's findings based on the hearing held on March 16, 1983. These findings triggered Employer's request for review by the Board of Appeals, which offered the final level of agency proceedings. At this point, Employer knew or should have known the facts which it later described as "fraudulent testimony." If it asserted fraud, the Board could have taken additional evidence and made a finding. COMAR 07.04.06.06A.[5] Instead, Employer simply asked for an opportunity to respond to Claimant's allegations, which it referred to as "gravely injurious." The Board denied the request, reviewed the Referee's decision, and affirmed it.

■ Employer mentioned fraud for the first time on the day the hearing on its appeal to the circuit court was scheduled to begin. In an amendment to its petition, Employer stated simply:

"That the claimant ... fraudulently testified and/or procured fraudulent testimony before the Appeals Referee on March 16, 1983; that the intention of the claimant was to deceive both the Appeals Referee and [Employer]; that her fraudulent testimony resulted in factual findings which were incorrect and led to a conclusion of law which was also incorrect."

This served as too little, too late. No specific facts were stated to support the claim of fraud, but only a characterization of the findings as being based on "fraudulent testimony." This does not sufficiently raise the issue of fraud. *Ragan v. Susquehanna Power Company*, 157 Md. 521, 526–27, 146 A. 758 (1929); *see also, Wooddy, supra; Jeni-*

---

**5.** This provision now appears in Title 24, Department of Employment and Training, COMAR 24.02.06.06A.

*fer, supra.* In addition, the circuit court was not the appropriate place to assert the issue. Because Employer knew of what it denominated as "fraudulent testimony" when it sought review by the Board of Appeals, and did not assert fraud in that proceeding, it waived the issue.

 The only question for the circuit court to decide, therefore, was whether the evidence supported the agency findings, which it failed to do. A remand for further factfinding is appropriate in certain circumstances, APA, Md.State Gov't.Code Ann., § 10–215(g) (1984); *Breedon v. Maryland Department of Education,* 45 Md.App. 73, 85–87, 411 A.2d 1073 (1980) (when it was discovered after the evidentiary hearing that erroneous information had been presented to the agency, a remand to take accurate information was warranted), but the court may do so only after it reviews the record for substantial evidence and finds it lacking. If the record supports the agency findings, the only determination remaining is whether the agency correctly applied the law.

 The circuit court in this case recognized that it did not have jurisdiction to conduct additional factfinding itself, but its remand order was inappropriate because it had not yet determined whether the evidence supported the agency findings. The requirement that the circuit court review the record before it orders a remand is consistent with our recent decision in *Glidden-Durkee (SCM) Corporation v. Mobay Chemical Corporation,* 61 Md.App. 583, 487 A.2d 1196 (1984). In that case, we held that a trial court erred when it remanded a matter to the Workmen's Compensation Commission without first conducting a hearing on the merits. Unlike the unemployment compensation law, a workmen's compensation award is subject to independent factfinding by the circuit court. Under each statute, however, the circuit court may not remand the case prior to review according to the applicable standard. Thus, in unemployment compensation cases, the court must review the record—if it supports the agency findings, no further fact-

finding is warranted and the court may proceed to review the law.

Based on our evaluation of the circuit court proceedings, we hold that the trial court erred and abused its discretion by issuing the remand order. We, therefore, remand this case to the circuit court for a proper review of the record once it has been filed.

JUDGMENT REVERSED AND CASE REMANDED TO THE CIRCUIT COURT FOR ALLEGANY COUNTY FOR FURTHER PROCEEDINGS. COSTS TO BE PAID BY APPELLEE.