554 A.2d 1197

**HOLIDAY SPAS et al.**

v.

**MONTGOMERY COUNTY HUMAN RELATIONS COMMISSION et al.**

No. 63, Sept. Term, 1987.

Court of Appeals of Maryland.

March 27, 1989.

David E. Manoogian (Jean M. Jones and Beckett, Cromwell & Myers, P.A., on the brief), Bethesda, for appellants.

Joyce R. Stern, Sr. Asst. Co. Atty. (Clyde H. Sorrell, Co. Atty., on the brief), Rockville, for appellee.

Argued before MURPHY, C.J., ELDRIDGE, COLE, RODOWSKY, McAULIFFE and BLACKWELL, JJ., and MARVIN H. SMITH, Associate Judge of the Court of Appeals (retired) Specially Assigned.

ELDRIDGE, Judge.

Ch. 27, Article I, of the Montgomery County Code creates the Montgomery County Commission on Human Relations and provides for its jurisdiction. Sections 27–1 through 27–7 of Article I deal generally with the administration, duties and procedures of the Commission. The remaining sections of Article I are divided in four divisions, with each division dealing with a different area of discrimination: Places of Public Accommodation, Housing, Employment, and "Racial and Religious Intimidation."

Under § 27–6 of the Montgomery County Code, the Human Relations Commission's duties include, among other things, the responsibility to receive, investigate and adjudicate complaints of discrimination in violation of Article I. Section 27–7 of the Code sets forth the Commission's procedures. Essentially, the Executive Director of the Commission investigates each complaint. If there are reasonable grounds to believe a violation of Article I has occurred, the Executive Director attempts to conciliate the matter. If those attempts fail, the Executive Director then refers the complaint to the appropriate commission panel which conducts a hearing to determine whether a violation of Article I has occurred.

Should the panel determine that there has been a violation of Article I, § 27–7(f) provides that the panel must issue

"a decision and order, accompanied by findings of fact and conclusions of law, requiring the respondent to cease and desist from the unlawful discriminatory practice, and to take affirmative action and prospective relief as is necessary to effectuate the purposes of this chapter or to eliminate the effects of the discriminatory practice and any other relief elsewhere provided in this article."

The "other relief elsewhere provided," which is to be contained in the § 27–7(f) order, refers to, *inter alia,* § 27–7(k) which authorizes the panel to award monetary damages in certain enumerated circumstances. Section 27–7(g) permits

"any person aggrieved by a subsection (f) of section 27–7 decision and order ... [to] appeal to the circuit court for Montgomery County for review of such action pursuant to chapter 1100, subtitle B, of the Maryland Rules of Procedure."

Turning to the case before us, U.S. Health, Inc. operates under various names, all of which include the word "Holiday," several health and fitness clubs for men and women. U.S. Health and several of the clubs are the petitioners before us, and will collectively be referred to as Holiday. Three male members of one of those clubs attempted to enroll in an aerobic dance class. After being denied admission to the class because it was open only to women, each filed a complaint with the Montgomery County Commission on Human Relations. The complaints alleged that Holiday violated the sex discrimination provision of the ordinance (§ 27–9) which makes it unlawful

"for any owner, lessee, operator, manager, agent, or employee of any place of public accommodation, resort or amusement within the county:

a) To make any distinction with respect to any person based on ... sex ... in connection with admission to, service or sales in, or price, quality or use of any facility or service of any place of public accommodation, resort or amusement in the county.

b) To ... publicize ... directly or indirectly ... that any facility, service, commodity or activity in such place of public accommodation, resort or amusement will not be made available to any person in full conformity with the requirements of subsection (a) of this section or that the patronage or presence of any person is unwelcome, objectionable, unacceptable or not desired or solicited on account of any person's ... sex...."

After finding reasonable grounds to believe a violation had occurred, but being unable to conciliate the matter, the Executive Director referred the case to the Public Accommodations Panel of the Commission in order to hold a hearing. At some point, the panel decided to bifurcate the

matter and to postpone the issue of damages. At the conclusion of its hearing, the panel issued a "Decision and Order" which rejected all of Holiday's arguments and found unlawful discrimination.[1] The order required Holiday: (1) to post immediately a notice in its facilities stating that it does not discriminate; (2) within 10 days to offer men and women an at least substantially similar opportunity to participate in aerobic dance classes; and (3) within two months to submit a plan detailing its method of compliance to the panel for review. The order also notified Holiday that any request for rehearing or reconsideration had to be filed within ten days from the final decision and that any party aggrieved could appeal the decision to the circuit court.

Holiday thereupon filed the present action in the Circuit Court for Montgomery County seeking review of the Commission's order. The Commission moved to dismiss on the ground that the administrative decision was not final because the matter of damages had not been decided. The circuit court granted the motion and dismissed the action. At the same time, however, it "[o]rdered that the administrative decision ... be stayed until a decision following a hearing for damages."

Holiday appealed to the Court of Special Appeals. Holding that the administrative decision was final, the intermediate appellate court vacated the circuit court order and remanded the case. *Holiday Spas v. Human Relations Comm'n*, 70 Md.App. 344, 521 A.2d 340 (1987). The Court of Special Appeals reasoned that the order was final because "Holiday's rights and obligations were indeed deter-

---

1. The complainants were members of the Holiday Spa Espre Center in Rockville, Maryland. The Montgomery County Commission on Human Relations found liable all of the clubs in Montgomery County: Holiday Spa Espre Center; Holiday Spas; Holiday Universal Club of Rockville, Inc.; Holiday Fitness and Racquet Club, Inc.; Holiday Health Spa; Holiday Spa of Bethesda, Inc.; Holiday Universal, Inc.; Holiday Health of Silver Spring, Inc. Before the circuit court, Holiday seemed to assert that the Commission lacked the authority to impose liability on all of these clubs, but Holiday does not raise that question before us.

mined; legal consequences did indeed flow from the" order, 70 Md.App. at 352, 521 A.2d at 344. With a concern for judicial economy, the Court of Special Appeals seemed to indicate that the circuit court could, under Maryland Rule B13, decline to review the administrative order despite its finality, stay the order, and remand the case to the administrative agency to determine the damages recoverable by the complainants.[2] 70 Md.App. at 353, 521 A.2d at 345.

Holiday filed a petition for a writ of certiorari to review the Court of Special Appeals' decision. Because of the somewhat novel administrative procedure issue presented, we granted the petition.

Holiday argues before us that the administrative decision was final and that, therefore, it has the right to obtain judicial review at this time. It contends that a remand to the Commission, without any judicial review of the order, would be improper. Indeed, it urges that, having issued a final order, the Commission forever lacks authority to decide the damage issue.

Although the Commission maintained in the circuit court that the action should be dismissed because the order was not final, it does not reassert that argument in this Court. Rather, the Commission argues that the administrative decision was final but that a remand to the Commission is the appropriate solution.

## I.

■ As a general rule, an action for judicial review of an administrative order will lie only if the administrative order is final. *Md. Comm'n on Human Rel. v. B. G. & E.*, 296 Md. 46, 459 A.2d 205 (1983); Maryland Rule B1a ("This Subtitle shall apply to the review of any *final* action of an administrative agency by a court") (emphasis added). *Cf.*,

---

2. Rule B13 states:
"The Court shall affirm, reverse or modify the action appealed from, remand the case to the agency for further proceedings, or dismiss the appeal as now or hereafter provided by law."

Code (1984), § 10–215(a) of the State Government Article ("a party who is aggrieved by the *final* decision in a contested case is entitled to judicial review.") (Emphasis added).

As previously indicated, the Court of Special Appeals, relying upon the general principles of finality set forth in *Md. Comm'n on Human Rel. v. B. G. & E. Co., supra,* held that the administrative order in this case was final. The intermediate appellate court emphasized that the order determined Holiday's rights and obligations, and that legal consequences flowed from the order.

■■■■■ Although we agree with the Court of Special Appeals that the administrative order in this case should be deemed final for purposes of judicial review, we caution that not every administrative order which determines rights and liabilities, or from which legal consequences flow, is final and thus subject to judicial review. Generally, to be final, an administrative order must also "leave nothing further for the agency to do." *Md. Comm'n on Human Rel. v. B. G. & E. Co., supra,* 296 Md. at 56, 459 A.2d at 211. That requirement was clearly not met here. The Commission's order does not resolve the issue of damages. Indeed, the order informs the parties that "[a] Panel hearing [on that issue] will be held promptly." Thus, under traditional principles of finality, the order would not be deemed final.

Although we have not previously decided this precise question with respect to administrative orders, courts in other jurisdictions have regularly held that, as a general rule, an administrative order that determines liability but does not decide damages is not final. *See, e.g., Carter/Mondale Pres. Com. v. Fed. Election Com'n,* 711 F.2d 279, 287 n. 14 (D.C.Cir.1983); *Newport News Shipbldg v. Director, Office of Wkrs.,* 590 F.2d 1267, 1268 (4th Cir. 1978); *United Fruit Co. v. Director, Office of Workers' Compensation Programs,* 546 F.2d 1224, 1225 (5th Cir. 1977); *Sun Shipbldg. & Dry Dock Co. v. Benefits Rev. Bd.*

535 F.2d 758, 760–761 (3rd Cir.1976); *Connecticut Bank & Trust Co. v. CHRO*, 202 Conn. 150, 156, 520 A.2d 186 (1987). This view is also in accord with the rule that a judicial order that does not dispose of the entire case is ordinarily not final. *See, e.g.*, Rule 2–602; *Kee v. State Highway Admin.*, 313 Md. 445, 455, 545 A.2d 1312 (1988); *Banegura v. Taylor*, 312 Md. 609, 618, 541 A.2d 969 (1988); *State Highway Adm. v. Kee*, 309 Md. 523, 529, 525 A.2d 637 (1987); *Blucher v. Ekstrom*, 309 Md. 458, 462 n. 2, 524 A.2d 1235 (1987); *East v. Gilchrist*, 293 Md. 453, 459, 445 A.2d 343 (1982).

Under Code (1974, 1984 Repl.Vol.), § 12–303 of the Courts and Judicial Proceedings Article, certain non-final orders of a circuit court are immediately appealable. For example, § 12–303(c)(1) allows a party to appeal from an interlocutory order entered by a circuit court granting an injunction. Thus, if the administrative order in this case had been issued by a circuit court, it would have been immediately appealable under § 12–303. There is, however, no equivalent provision in Maryland law pertaining to administrative orders.

Nevertheless, some courts have taken the position that administrative agency orders equivalent to injunctions should be deemed final and appealable because they result in irreparable injury, even though there is no statute comparable to § 12–303(c)(1). In *Papago Tribal Util. Auth v. Federal Energy*, 628 F.2d 235, 240 (D.C.Cir.), *cert. denied*, 449 U.S. 1061, 101 S.Ct. 784, 66 L.Ed.2d 604 (1980), the United States Court of Appeals for the District of Columbia Circuit said with regard to administrative orders:

> "Only when parties face the prospect of irreparable injury, with no practical means of procuring effective relief after the close of the proceeding, might they be entitled to immediate review of a nonfinal order."

Other courts agree that finality attaches to orders that impose on a party an immediate impact similar in nature to that of an injunction. *See, Nevada Airlines Inc. v. Bond*, 622 F.2d 1017, 1020 (9th Cir.1980); *Merrill Lynch, etc. v.*

*National Ass'n of Sec.,* 616 F.2d 1363, 1368–1370 (5th Cir.1980); *Sun Shipbldg. & Dry Dock Co. v. Benefits Rev. Bd., supra,* 535 F.2d at 761; *Isbrandtsen Co. v. United States,* 211 F.2d 51, 55 (D.C.Cir.), *cert. denied,* 347 U.S. 990, 74 S.Ct. 852, 98 L.Ed. 1124 (1954). But cf. *Maine Public Advocate v. F.C.C.,* 828 F.2d 68, 70 (1st Cir.1987) (expressly refusing to accept or reject the principle); *Nor–Am Agricultural Products, Inc. v. Hardin,* 435 F.2d 1151, 1157–1159 (7th Cir.1970), *cert. dismissed,* 402 U.S. 935, 91 S.Ct. 1399, 28 L.Ed.2d 870 (1971) (declining to apply principle under the circumstances). *See, in addition,* Jaffe, *Judicial Control of Administrative Action,* 418, 429 (1965); Gardner and Greenberger, *Judicial Review of Administrative Action and Responsible Government,* 63 Geo. L. J. 7, 18–19 (1974); Note, *Reviewability of Administrative Action: The Elusive Search for a Pragmatic Standard,* 1974 Duke L. J. 382, 402–404 (1974).

For example, in *Isbrandtsen Co. v. United States, supra,* the Federal Maritime Board issued an order tentatively approving a dual rate system, which, over Isbrandtsen's objection, was to go into effect in 48 hours. The United States Court of Appeals for the District of Columbia Circuit held that the order was final even though a hearing on a permanent approval of the dual rate system was set for a later date. The court defined administrative finality as follows (211 F.2d at 55):

> "Whether or not the statutory requirements of finality are satisfied in any given case depends not upon the label affixed to its action by the administrative agency but rather upon a realistic appraisal of the consequences of such action. 'The ultimate test of reviewability is not to be found in an overrefined technique, but in the need of the review to protect from the irreparable injury threatened in the exceptional case by administrative rulings which attach legal consequences to action taken in advance of other hearings and adjudications that may follow, the results of which the regulations purport to control.' "

The court held (*id.* at 55–56) that this test was met because the order

"attaches grave consequences to contractual and other business relations of Isbrandtsen. By denying Isbrandtsen's request to postpone operation of the dual rate system and to grant an immediate hearing, the Board virtually removed Isbrandtsen from the shipping market involved. Whether this removal was temporary or permanent, Isbrandtsen would inevitably suffer 'real, immediate and incalculable' harm."

*Nevada Airlines, Inc. v. Bond, supra,* is to the same effect. There, an airline sought judicial review of a Federal Aviation Administration emergency order suspending the airline's air carrier operating certificate pending an administrative appeal to the National Transportation Safety Board. The United States Court of Appeals for the Ninth Circuit held that the order was immediately reviewable, saying (622 F.2d at 1020):

"Even assuming that our authority [under this statute] is limited to review of 'final' agency orders ..., the emergency determination is final in a practical sense to permit our review."

We essentially agree with these principles, and we hold that the Commission's order in the present case should be deemed final. The order did not merely determine liability but, in addition, required Holiday, among other things, to alter its practices almost at once. Holiday was ordered to post notices immediately, and to provide men and women with at least a substantially similar opportunity to engage in aerobic dance classes within ten days of the order. Because the negative effect on Holiday's business resulting from the cease and desist order could not be remedied at a later date, the order inflicted upon Holiday sufficient irreparable injury to be deemed final.

## II.

As previously mentioned, the Court of Special Appeals seemed to suggest that the circuit court could, prior

to any judicial review of the Commission's order, remand the case to the Commission. In our view a remand, without any judicial review whatsoever, would not be proper.

Obviously a circuit court may remand a matter to an administrative agency. Indeed, Rule B13 expressly authorizes a remand. Thus a court can remand for the taking of additional evidence, remand because of a procedural error at the administrative level, remand because an erroneous legal standard was applied, remand for further findings, remand where all parties consent, etc. Cases involving remands to administrative agencies for these and other reasons, however, are ones where there was either consent or some degree of judicial review. *See, e.g., Sheetz v. Mayor and City Council of Baltimore,* 315 Md. 208, 553 A.2d 1281 (1989); *Comptroller v. Maryland State Bar Association,* 314 Md. 655, 552 A.2d 1268 (1989); *Friends School v. Supervisor,* 314 Md. 194, 200–201, 550 A.2d 657 (1988); *State Election Bd. v. Billhimer,* 314 Md. 46, 53–56, 548 A.2d 819 (1988); *Muhl v. Magan,* 313 Md. 462, 545 A.2d 1321 (1988); *NCR Corp. v. Comptroller,* 313 Md. 118, 544 A.2d 764 (1988).

■ A court ordinarily should not, however, remand an administrative proceeding before initiating any review whatsoever. Where an administrative decision is final and is subject to judicial review, the party aggrieved by the decision is entitled to review. Remanding a case without any review is tantamount to denying review. If remand is permitted at this point, a circuit court could effectively render meaningless the aggrieved party's right.

■ On the other hand, Holiday is incorrect in arguing that the issuance of the "final" order forever deprives the Commission of authority to award damages. Where an injunction or similar order is immediately appealed because of the irreparable injury which may flow from the order, but where the case is not terminated in the trial court, the trial court properly "may proceed with any other issue or matter in the case." *Magnum v. Md. St. Bd. of Censors,*

273 Md. 176, 179–180, 328 A.2d 283 (1974), and cases there cited. The same principle should apply to the order of an administrative agency which does not terminate the case, but which is deemed final for purposes of judicial review because it operates like an injunction and will result in irreparable injury.

### III.

Although the circuit court in this case must judicially review the Commission's order, the result of its review may largely have the same effect as the circuit court's original order or the Court of Special Appeals' judgment would have had.

One aspect of judicial review, of course, is whether the agency's decision is in accord with law, both procedurally and substantively. While the issue is not now before us, we observe that a very strong argument could be made that the Commission erred in permitting its order to go into effect without deciding the damage issue. To repeat, § 27–7(f) of the Montgomery County Code states:

"If at the conclusion of the hearing, the hearing panel determines that a respondent has engaged in unlawful discriminatory practice or has otherwise violated the provisions of this article, the hearing panel must issue and cause to be served on the respondent a decision and order, accompanied by findings of fact and conclusions of law, requiring the respondent to cease and desist from the unlawful discriminatory practice, and to take affirmative action and prospective relief as is necessary to effectuate the purposes of this chapter or to eliminate the effects of the discriminatory practice *and any other relief elsewhere provided in this article.*" (Emphasis supplied).

Under § 27–7(f), a proper "Decision and Order" would seem to be an order which requires the respondent to cease and desist from the unlawful discriminatory practice *and* which awards any other relief elsewhere provided. Here, the issue of monetary damages was raised in the case, but

the "Decision and Order" failed to rule on this issue. Under § 27–7(f), it may have been impermissible for the Commission, having concluded that a violation had occurred, to require Holiday to take immediate action without ruling on the question of damages. If the circuit court concludes that the Commission erred in this regard, the court, without reaching other questions such as the substantiality of the evidence, would be justified in vacating the Commission's order and remanding the case to the Montgomery County Commission on Human Relations for further proceedings.

JUDGMENT OF THE COURT OF SPECIAL APPEALS VACATED, AND CASE REMANDED TO THAT COURT WITH DIRECTIONS TO VACATE THE ORDER OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY AND REMAND THE CASE TO THE CIRCUIT COURT FOR MONTGOMERY COUNTY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. RESPONDENT TO PAY COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS.