581 A.2d 834

**HICKORY HILLS LIMITED PARTNERSHIP, et al.**

v.

**SECRETARY OF STATE OF MARYLAND.**

**No. 51, Sept. Term, 1990.**

Court of Special Appeals of Maryland.

Nov. 7, 1990.

Francis J. Collins (Alan P. Zukerberg and Zukerberg & Kahn, P.A., on brief), Baltimore, for appellant.

Susan P. Whiteford, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), Baltimore, for appellee.

Argued before ROSALYN B. BELL, WENNER and CATHELL, JJ.

CATHELL, Judge.

Before this Court is a Motion to Dismiss this appeal filed by the appellee, the Secretary of State (hereinafter "secretary"). The appellants, Hickory Hills Limited Partnership, *et al.* (hereinafter "Hickory Hills") filed this appeal from an order of the Circuit Court, remanding the case to the Secretary for the taking of additional evidence. For the following reasons, we shall grant the motion and dismiss this appeal.

I

*The Facts*

In 1984, Hickory Hills registered a public offering statement for a condominium conversion in Harford County with

the Secretary. In November 1988, the Secretary made a preliminary determination that Hickory Hills had not complied with its promise contained in the public offering statement to spend at least $35,000 on road improvements. In March 1989, the Secretary held an administrative hearing in respect to that preliminary determination. At the end of that hearing, the Secretary, being uncertain as to whose $35,000 was expended, scheduled a second hearing. At the second hearing in June 1989, in which Hickory Hills failed to appear, the Secretary rendered a decision against Hickory Hills. The Secretary determined that Hickory Hills did spend $35,000 for paving but that the condominium association reimbursed that amount to Hickory Hills. The Secretary then found that the reimbursement arrangement violated Hickory Hills' "express warranty" to "spend $35,000 of its *own* money on paving." (emphasis added)[1]

Hickory Hills filed an appeal to the Circuit Court for Anne Arundel County, and an oral argument on the appeal was scheduled for December 11, 1989. Three days prior to that oral argument, the Secretary filed a Motion to Remand for Additional Evidence to be taken by the Secretary. The Secretary's motion was based on an auditor's report which allegedly substantiated that Hickory Hills did not pay the promised $35,000. On December 11, 1989, the court had the record available, and presumably was familiar with it. At that hearing, the court heard only the motion and did not consider the substance of the appeal. On that same day, the court granted the Secretary's Motion to Remand. It is from that order that this appeal and the Motion to Dismiss arise.

## II

### The Issue

The issue, as we phrase it, is: Whether an order of the circuit court, remanding to the administrative agency for

---

1. The actual language of the offering was more limited; it said, "[the] Developer agrees to spend a minimum of Thirty–Five Thousand ($35,-000.00) Dollars on interior roadway and parking area repairs...."

taking of additional evidence when the circuit court has not yet heard or decided the appeal from the administrative agency, is a final order, and therefore, appealable.

## III

### *The Law*

We must first decide whether the circuit court's order was made pursuant to § 10–215(e) or § 10–215(g) of the Md. State Gov't Code Ann. (1984). Hickory Hills argues that this distinction is irrelevant for the purpose of determining the appealability of the circuit court's order at issue. We disagree. We find that if an order is made under § 10–215(e), then the circuit court has continuing jurisdiction over the subject matter. We arrive at this conclusion from our reading of § 10–215(e). It provides:

(e) *Additional evidence before agency.*—(1) The court may order the agency to take additional evidence on terms that the court considers proper if:

(i) before the hearing date in court, a party applies for leave to offer additional evidence; and

(ii) the court is satisfied that:

1. the evidence is material; and

2. there were good reasons for the failure to offer the evidence in the proceeding before the agency.

(2) On the basis of the additional evidence, the agency may modify the findings and decision.

(3) The agency shall file with the reviewing court, as part of the record:

(i) the additional evidence; and

(ii) any modifications of the findings or decision.

When we interpret a statute, we must read pertinent parts of the statute as a whole, giving effect to all of those parts if possible, and rendering no part of the language surplusage. *Sinai Hosp. v. Dep't of Employment,* 309 Md. 28, 522 A.2d 382 (1987). The scheme of § 10–215(e) appears to give the circuit court continuing jurisdiction over the appeal from the administrative agency. We conclude this

because first, § 10–215(e)(1)(i) requires that such motion be made *prior to the hearing date in court,* and second, § 10–215(e)(3) requires that the agency file with the *reviewing court,* as part of the record, the additional evidence and any modifications of the findings or decision. Those two provisions of § 10–215(e) make clear that the circuit court retains jurisdiction over the appeal.

It is of utmost importance to understand that under this section, if additional evidence is to be taken by the administrative agency, the motion must be made prior to the hearing date in court. This means that the court will not have heard the appeal on the merits until the administrative agency has first received the additional evidence, and that same evidence, with any modifications of the agency's findings or decision, is later made available to the court under § 10–215(e)(3).

Section 10–215(g)[2], however, is applicable only after the circuit court hears the appeal on the merits. The very title of § 10–215(g) is "Decision," and the language of that whole subsection necessarily denotes that the court has completed its review of the case. We believe that it is situations similar to § 10–215(g) that the Court of Appeals in *Schultz v. Pritts,* 291 Md. 1, 6, 432 A.2d 1319 (1981) was referring to when it said:

> When a court remands a proceeding to an administrative agency, the matter reverts to the processes of the agen-

---

**2.** Section 10–215(g) provides:
　　(g) *Decision.*—In a proceeding under this section, the court may:
　　(1) remand the case for further proceedings;
　　(2) affirm the decision of the agency; or
　　(3) reverse or modify the decision if any substantial right of the petitioner may have been prejudiced because a finding, conclusion, or decision of the agency:
　　(i) is unconstitutional;
　　(ii) exceeds the statutory authority or jurisdiction of the agency;
　　(iii) results from an unlawful procedure;
　　(iv) is affected by any other error of law;
　　(v) is unsupported by competent, material, and substantial evidence in light of the entire record as submitted; or
　　(vi) is arbitrary or capricious.

cy, and there is nothing further for the court to do. Such an order is an appealable final order because it terminates the judicial proceeding and denies the parties means of further prosecuting or defending their rights in the judicial proceeding.

Under § 10–215(e), however, contrary to what the Court of Appeals said above, there is something further the court must do, *i.e.,* review the additional evidence taken by the administrative agency and complete its appellate hearing on the merits. We were faced with the old version of § 10–215(e)[3] in *Breedon v. Maryland State Department of Education,* 45 Md.App. 73, 86–7, 411 A.2d 1073 (1980), in which we said:

> This section does not require a complete remand of the case to the administrative agency, but rather it anticipates a referral for the receipt of additional evidence with an opportunity for the agency to modify its findings or decision. The circuit court remains a "reviewing court," and the section clearly requires the agency to submit the additional evidence to the court along with its modifications, if any. The APA [Administrative Procedure Act] contemplates that the circuit court, while ordering additional evidence to be received by the agency, retains continuing jurisdiction over the appeal. After the agency has completed its action, the circuit court may then proceed with its consideration of the appeal on the merits. [footnotes omitted]

We shall now decide whether the order of the circuit court below was made pursuant to § 10–215(e) or § 10–215(g). First, we look at what it was exactly that the circuit court granted. The motion granted was the Secretary's "Motion to Remand for Additional Evidence," and the contents of that motion correspond with the elements of § 10–215(e). Furthermore, the transcript of the hearing

---

**3.** Md.Ann.Code, art. 41, § 255(d) (1979 Cum.Supp.). Although the forms of the two versions may be different, the substance and content are the same.

reveals that it was exactly a § 10–215(e) motion that the court was considering:

> I'm convinced ... that it is within the discretion of the court to remand for additional evidence.
>
> I believe that's addressed in 10–215, which says that the court can order an agency to take additional evidence if it deems it appropriate.[4]
>
> \* \* \* \* \* \*
>
> And certainly, under these circumstances without getting into the merits of the case, it would appear that the whole element of the merits, the whole basis of the merits of this case is predicated on whether monies have been paid or not. . . .
>
> And here the Attorney General has indicated that there was no time to bring this to the court's review. It only came to light at the last moment.
>
> And, so the court can find, under *Subsection I [ (E)(1) ] that certainly the evidence by way of the accounting is material, and that there's good reason for the fact that it has not been presented before this time.*[5] [emphasis added].

It is thus clear that what the court below granted was a motion under § 10–215(e). We therefore hold that the circuit court, by granting the motion under § 10–215(e), retained jurisdiction over this case, and that this case is not properly before us.

We have reviewed the cases cited by Hickory Hills to support its assertion that an order under § 10–215(e) is a final order for the purpose of appeal.[6] Those cases, how-

---

**4.** Only § 10–215(e) contains a provision for a remand to "take additional evidence."

**5.** Only § 10–215(c) contains provisions requiring that these findings be made by the trial court.

**6.** *Holiday Spas v. Montgomery County Human Relations Comm'n,* 315 Md. 390, 554 A.2d 1197 (1989); *Brown v. Baer,* 291 Md. 377, 435 A.2d 96 (1981); *Schultz v. Pritts,* 291 Md. 1, 432 A.2d 1319 (1981); *Fred W.*

ever, are inapposite to the case at bar. The circuit courts, in those cases, had either dismissed, reversed, affirmed, or prematurely remanded the appeals from the administrative agency—they were not § 10–215(e) cases.

Hickory Hills, conceding that there may be a situation where the circuit court may retain jurisdiction when it remands the case to the administrative agency for taking of additional evidence, further argues by asking us to decide whether the circuit court, in the case at bar, intended to retain jurisdiction. Hickory Hills cites *Brown v. Baer*, 291 Md. 377, 386, 435 A.2d 96 (1981) as an example, and argues that the Court of Appeals in that case found an order remanding the case to the administrative agency to be final and appealable because there was "nothing in the circuit court's order ... indicating that the court was retaining jurisdiction of the case pending further administrative proceedings." That particular remand in *Baer*, however, was made only after the circuit court had heard the appeal.

From our review of the record before us, we find that the circuit court below expressed its intention to retain jurisdiction of the case. The portion of the transcript cited above shows that the circuit court judge was aware of the importance of the resolution of the dispute as to whether the money was paid. In granting the motion for a remand, the trial court expressly stated that it was not "getting into the merits of the case." Furthermore, the judge, at the very end of the hearing, as he denied Hickory Hills' motion for counsel fees, said: "I am not going to decide ... [issues] [o]ther than the motion that's before the court. And I've decided the only issue presented to the court *at this time*...." (emphasis added)

---

*Allnutt, Inc. v. Comm'r of Labor & Industry,* 289 Md. 35, 421 A.2d 1360 (1980); *Department of Public Safety & Correctional Services v. LeVan,* 288 Md. 533, 419 A.2d 1052 (1980); *Criminal Injuries Compensation Bd. v. Remson,* 282 Md. 168, 384 A.2d 58 (1978); *Juiliano v. Lion's Manor Nursing Home,* 62 Md.App. 145, 488 A.2d 538 (1985).

Hickory Hills further argues that the circuit court erred by remanding the case without conducting any review. Quoting from *Juiliano, supra* [62 Md.App.] at 156, 488 A.2d 538, it argues that "The Court may only remand after it 'reviews the record for substantial evidence and finds it lacking.'" Hickory Hills, however, does not cite the full quote. In *Juiliano,* we said:

A remand for further factfinding is appropriate in certain circumstances, APA, Md. State Gov't. Code Ann., § 10–215(g) (1984); *Breedon v. Maryland Department of Education,* 45 Md.App. 73, 85–87, 411 A.2d 1073 (1980) (when it was discovered after the evidentiary hearing that erroneous information had been presented to the agency, a remand to take accurate information was warranted), but the court may do so only after it reviews the record for substantial evidence and finds it lacking.

*Juiliano,* at 156, 488 A.2d 538. Taken in context, *Juiliano* is completely consistent with this opinion; if the circuit court is going to remand a case under § 10–215(g), it must review the case. Hickory Hills also cites *Holiday Spas* in which the Court of Appeals said that: "A court ordinarily should not, however, remand an administrative proceeding before initiating any review whatsoever.... Remanding a case without any review is tantamount to denying review." *Id.* [315 Md.] at 400, 554 A.2d 1197. Hickory Hills, again fails to put that quote in context. In *Holiday Spas,* the Court of Appeals, in an immediately preceding paragraph to that quote, said:

Obviously a circuit court may remand a matter to an administrative agency. Indeed, Rule B13 expressly authorizes a remand. Thus a court can remand for the taking of additional evidence, remand because of a procedural error at the administrative level, remand because an erroneous legal standard was applied, remand for further findings, remand where all parties consent, etc. Cases involving remands to administrative agencies for these and other reasons, however, are ones where there was

either consent or some degree of judicial review. [citations omitted].

*Holiday Spas,* at 400, 554 A.2d 1197. Thus, it is clear, that when the Court of Appeals said that a court should not remand an administrative proceeding before initiating any review, it was referring to circumstances where the circuit court will not review the appeal either before *or after* the remand.

## IV

### *The Conclusion*

In sum, Section 10–215 contains provisions for two different types of agency remands: one under subsection (e) and the other under subsection (g). We hold, for the reasons we have stated, that, provided the proper procedure is followed, a remand for additional evidence is permitted under subsection (e) prior to a final decision by the reviewing court. Conversely, subsection (g) does not expressly provide, as an appropriate purpose, the gathering of additional evidence. Thus, in a particular case a reviewing court must first determine which subsection the trial judge is applying. If he is applying subsection (e) and makes the appropriate findings, as he explicitly did in the case at bar, such a remand is proper and is not normally[7] a final appealable order. As we have said, we conclude that *Holiday Spas* and *Juiliano* were not remand cases under Section 10–215(e). To the extent that those decisions have been misconstrued by the appellant, they are hereby clarified and distinguished.

For these reasons, we hold that the circuit court retained continuing jurisdiction, and that this case is not properly before this Court.

APPELLEE'S MOTION TO DISMISS GRANTED; COSTS TO BE PAID BY APPELLANT.

---

7.  The Court of Appeals in *Holiday Spas* appears to recognize that there may be instances where the possibility of irreparable injury may be one of the factors in determining whether a decision is final.