# MID TOWNE PLYMOUTH, INC. *v.* STATE DEPARTMENT OF ASSESSMENTS AND TAXATION

[No. 183, September Term, 1961.]

*Decided March 15, 1962.*

*Motion for rehearing filed April 16, 1962, denied April 18, 1962.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and MARBURY, JJ.

*Ernest C. Trimble,* with whom were *Trimble & Alderman* and *R. Bruce Alderman* on the brief, for appellant.

*Lawrence F. Rodowsky, Assistant Attorney General,* with whom was *Thomas B. Finan, Attorney General,* on the brief, for appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal challenges the validity of assessments on the

tangible personal property of the appellant made in 1960 for the tax years 1958 and 1959.

The appellant, a Maryland corporation, began to conduct an automobile sales and service business in November, 1956. On April 16, 1957, it filed a 1957 annual report of its tangible personal property with the State Tax Commission, as required by Code (1957), Art. 81, sec. 251, and a final assessment of $25,070 for the tax year 1957 was made and certified to the Department of Assessments and the Collector of Baltimore City as required by Code (1957), Art. 81, sec. 22, on November 13, 1957. The appropriate tax on the assessment so certified was billed to the taxpayer and paid in due course. See Code (1957), Art. 81, sec. 46. No annual report was filed by the taxpayer during the calendar year 1958, and no assessment was made or certified, nor was any tax billed or paid. On November 20, 1958, the State Tax Commission wrote the taxpayer, calling attention to the failure to file and enclosing a form to be returned within ten days, but no report was filed. No 1959 report was filed, and the taxpayer was placed on the list of delinquent corporations whose charters were to be forfeited by executive proclamation under Code (1957), Art. 81, sec. 204. On December 31, 1959, the taxpayer filed annual reports for the taxable years 1958 and 1959, and the taxpayer was removed from the forfeiture list on January 11, 1960. During 1959, no assessment was made against the taxpayer's tangible personal property for the tax year 1959, and no assessment was certified to Baltimore City, or tax billed or paid.

The State Department of Assessments and Taxation, which succeeded the State Tax Commission as the original assessing authority under Chapter 757 of the Acts of 1959, did not accept the information furnished in the reports filed, but on April 12, 1960, made tentative assessments in excess of the amounts reported. These tentative assessments were protested, but the taxpayer filed amended reports without prejudice to its legal contentions. Based on the information there furnished and acting under the provisions of Code (1957), Art. 81, sec. 34, relating to escaped property, the Department entered final assessments on July 20, 1960. The assessment for 1958 was $89,730 for State and local taxes; for 1959, the assessment

was $78,270 for State and local taxes and an additional $22,730 for State tax only. The reason for the different treatment was that by Ordinance 1339, effective December 31, 1958, the City granted a 25% exemption from taxes on stock in trade for the year 1959. These assessments were certified to Baltimore City for collection on August 16, 1960. The taxpayer appealed to the Maryland Tax Court under Code (1961 Supp.), Art. 81, sec. 258.

After a hearing, at which counsel were heard but no testimony was taken, the Maryland Tax Court on November 9, 1960, passed orders reversing the Department's assessments and assessing the taxpayer's tangible personal property at $25,070 for each of the tax years 1958 and 1959, the same figure at which it had been assessed for 1957. The Department appealed to the Baltimore City Court. Before the Maryland Tax Court had filed its findings of fact and conclusions of law, as required by Code (1961 Supp.), Art. 81, sec. 229 (1), the Maryland Tax Court of its own motion filed a suggestion signed by its Chief Judge, that the Baltimore City Court remand the case "for reconsideration and the taking of additional testimony." The remand was granted by order dated February 28, 1961.

On remand the Department produced the testimony of Mr. Albert W. Ward, the Director of the Department who had been the Secretary of the State Tax Commission since 1931. He testified as to the administrative practice in making assessments of tangible personal property over the past thirty years. On March 30, 1961, the Maryland Tax Court passed orders rescinding its orders of November 9, 1960, and affirming the assessments for the years 1958 and 1959, made by the Department. The taxpayer appealed to the Baltimore City Court. No additional testimony was taken, but the case was heard upon the record and upon the findings of fact and conclusions of law filed by the Tax Court. The orders were affirmed.

The appellant raises a preliminary question as to the validity of the remand and the taking of additional testimony before the Maryland Tax Court, and claims that it was prejudiced thereby. Code (1961 Supp.), Art. 81, sec. 229 (1), pro-

vides, in part, that the Baltimore City Court "shall hear the case de novo without a jury and may affirm, reverse, remand or modify the order appealed from; provided, that in the absence of any affirmative evidence to the contrary, or of any error apparent on the face of the proceedings, such shall be affirmed." Maryland Rule 1101 1 (now B12), provides that in appeals from administrative agencies the trial court "shall affirm, reverse or modify the action appealed from, remand the case to the agency for further proceedings, or dismiss the appeal as now or hereafter provided by law."

Under either provision the authority of the trial court to remand the case after hearing is unquestioned. The mere fact that the trial judge may hear the case de novo does not affect his authority, in a proper case, to remand in order that he may have the benefit of the expertise of the agency on the additional testimony proffered. Cf. *State Board v. Ruth*, 223 Md. 428, 436. We find no abuse of discretion in a remand prior to hearing, where it is made to appear that the agency itself desires to take additional testimony and to reconsider the case. In any event, we find no reversible error. The question here presented is fundamentally a legal one, and the solution does not depend upon the mere position of the parties as appellant or appellee. We find no merit in the appellant's contention that in any event the amplification of the record, by reason of the remand, should not be charged against it in the award of costs.

The appellant contends that while Code (1957), Art. 81, sec. 34, permits a levy upon escaped property, an assessment is not permitted after the expiration of the tax year in question. It argues that the only purpose of the section was to grant a power to the local taxing authorities to levy retroactively for past years, a power denied, in the absence of an escaped property section, in *B. C. & A. Ry. Co. v. Com'rs of Wicomico County*, 93 Md. 113. Cf. *State Tax Comm. v. Armco Steel Corp.*, 226 Md. 533, 543. But section 34 has a dual purpose. It provided: "In case any property which by law is subject to assessment and taxation has escaped, such property shall be *entered upon the assessment rolls at any time* and shall be *subject to taxation for current and previous years,*

not exceeding four years in all, in the same manner as other property is subject to taxation. The levy for each and every year by the county commissioners of the several counties and by any city shall be deemed and taken to have covered and embraced all property which was not assessed, for the year for which any such levy was made." (Italics supplied.) Plainly, the section confers the power to make assessments of escaped property after the date of finality. *Wasena Housing Corp. v. Levay,* 188 Md. 383, 393, and cases cited; *Eck v. State Tax Comm.,* 204 Md. 245, 255; Code (1957), Art. 81, sec. 203. See also 3 Cooley, *Taxation* (4th ed.), § 1163. It further provides, not that local taxing authorities may levy retroactively, but that each levy shall apply to property subsequently discovered and assessed. *Hopkins v. Van Wyck,* 80 Md. 7, 18. Cf. Code (1961 Supp.), Art. 81, sec. 36.

The appellant further contends, however, that the property assessed in 1960 cannot be treated as escaped property because in the absence of a new assessment during the years 1958 and 1959, the assessment for the year 1957 continued in force and effect and became binding upon both parties. The appellant relies upon the language of Code (1957), Art. 81, sec. 14 that "Any assessment existing on June 1, 1929, or thereafter made, shall continue in force from year to year until changed pursuant to the provisions of this article." This language now appears in Code (1961 Supp.), as sec. 14 (c). It first appeared in chapter 226 of the Acts of 1929. At that time, and for some years thereafter, assessments made by the local taxing authorities were not revised except pursuant to special acts of the legislature, or upon a five year rotation plan. See *Rogan v. Com'rs of Calvert County,* 194 Md. 299, 307. When annual assessments were prescribed, upon a cyclical appraisal basis. (See Code (1951), Art. 81, sec. 13), it was provided that such procedure should "not apply to property assessable by the State Tax Commission in its original jurisdiction nor to property for which other methods of assessment are prescribed by this Article."

As Mr. Ward testified, it is still the practice to treat the assessments of locally assessed real estate as continuing from year to year, but it has never been the practice to treat assess-

ments made by the State Tax Commission, or its successor, as continuing. Some support for the distinction can be found in Code (1957), Art. 81, sec. 7, which provides: "All ordinary State, county and city taxes shall be levied upon assessments made in conformity with this article, or upon existing assessments until changed in conformity with this article." The alternatives mentioned would seem to amount to a legislative recognition of the two types of assessments (1) those made upon annual reports to the Tax Commission, which is directed by section 22 to make an estimated assessment if no report is filed, and (2) those made by local assessing authorities, which continue from year to year. Implicit in the provisions of sections 22 and 46 is the concept of annual certifications by the Tax Commission for inclusion in the Collector's tax roll. The Collector does not, in fact, include the assessments for prior years, and would have no ready means of determining, and is under no statutory duty to ascertain, what corporations are subject to tax or in what amounts. There is also a practical reason for the distinction. Section 15 provides that the stock in business of a commercial corporation shall be valued and assessed "at its fair average value for the twelve months preceding the date of finality." Cf. *May Stores v. State Tax Comm.*, 213 Md. 570, 577. Naturally, this will change each year to a far greater extent than in the case of real estate. The uniform administrative construction of the statutes is entitled to great weight. See *Kimball-Tyler v. Mayor & C. C. of Balto.*, 214 Md. 86, 99, and cases cited.

The appellant relies strongly upon the case of *Tidewater Oil Co. v. County Com'rs of Anne Arundel County*, 168 Md. 495. At that time the tangible personal property of foreign corporations was assessed locally, although it is now assessed by the State Department of Assessments and Taxation. See Code (1957), Art. 81, sec. 13 (b) (5). An assessment on the taxpayer's inventory of petroleum products was made, and the tax levied and paid, for 1930. In three succeeding years the assessment was carried forward on the tax rolls, and the tax thereon levied and paid. The taxpayer then brought an action for refund of taxes, claiming that its inventory had

diminished greatly since 1930. It was held that the action was not sustainable on the ground of an alleged mistake of fact or law. It was noted that the appellant had failed to utilize available remedies for the reduction of the assessment. There was no question of escaped property, and the tax had been regularly billed and paid. There was no procedure for annual reports, and it was conceded that the carrying forward of the 1930 assessment was in conformity with law. We think the case is distinguishable.

*Judgment affirmed, with costs.*