738 A.2d 334

**DEPARTMENT OF LABOR, LICENSING AND REGULATION, et al.**

v.

**Edward J. WOODIE.**

**No. 5848, Sept. Term, 1998.**

Court of Special Appeals of Maryland.

Oct. 1, 1999.

**400**

Matthew Boyle, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen. and Brian S. Kleinbord, Staff Atty., on the brief), Baltimore, for appellants.

No brief or appearance by appellee's counsel.

Argued before DAVIS, EYLER and THIEME, JJ.

THIEME, Judge.

The Department of Labor, Licensing, and Regulation ("DLLR" or the "Department") and Richard B. Rudy, Inc. (the "employer" or "Rudy"), appeal the December 1, 1998, order of the Circuit Court for Harford County remanding this case to a DLLR Hearing Examiner "for the purposes of taking additional evidence and testimony." The Department and the employer each noted a timely appeal to this Court and present the following question:

> Did the circuit court err in remanding this case for a "supplemental hearing" to allow the appellee to present additional evidence, when the appellee was on notice that his only absolute opportunity to present evidence was before the DLLR Hearing Examiner, and the appellee had no

legitimate justification for his failure to present the evidence in the first hearing?

We answer "yes" and explain.

## Facts

Woodie began working as a truck driver for Rudy, a trucking company based in Frederick, Maryland, on July 13, 1997. On February 5, 1998, without giving his employer any notice, Woodie quit. While en route to a customer's site, Woodie telephoned the employer's dispatcher and said that he was abandoning the truck and leaving the keys on one of the wheels of the tractor. He left the truck sitting on the road with the payload still in it and did not report back to work with Rudy after that incident. Woodie applied for insurance benefits on February 11, 1998, after leaving his job with Rudy.

On March 6, 1998, a DLLR Claims Examiner made an initial determination that the claimant voluntarily quit, but with good cause, and awarded benefits accordingly. Rudy appealed that determination, and the Department scheduled an evidentiary hearing.[1]

At the evidentiary hearing before a DLLR hearing examiner, Woodie, appearing *pro se*, testified that he was forced to quit because he was being overworked. He alleged that the number of hours that he was required to work violated the federal regulations governing truck drivers. When questioned, however, the appellee was unable to direct the Hearing Examiner to any specific provision that the employer had violated. Rather, the appellee's only exhibit consisted of driving logs, which he claimed supported his contention that his hours were excessive.

---

1. The employer's witnesses failed to appear in a timely manner for the initial hearing because of inclement weather. The hearing was rescheduled, and both parties appeared. The Hearing Examiner concluded that the witnesses had an "unavoidable emergency which ... prevented [them] from appearing at the [initial] hearing in a timely fashion." Accordingly, the Hearing Examiner reopened the case pursuant to § 09.32.06.02N of the Code of Maryland Regulations (COMAR). This issue is not before the Court in this appeal.

Rudy's vice-president testified that the company does not allow its truck drivers to work beyond the guidelines prescribed in the Federal Motor Carrier's Safety Regulations Handbook, codified at 49 C.F.R. § 395.3, and that the company closely monitors the drivers' schedules. To ensure compliance with the regulations, the company hired a safety consultant whose sole task it is to oversee the drivers' hours. Rudy's vice-president stated that the employer's records showed that the appellee's hours never exceeded 70 within an eight-day period, and added that, on at least one occasion, the appellee did not use his allotted time off, but instead pushed himself to make a delivery much earlier than his schedule required.

The Hearing Examiner found that "[t]he preponderance of the credible evidence produced at the hearing failed to satisfactorily demonstrate that ... the employer permitted or required the claimant to work an excess of hours," and that, therefore, the claimant failed to show good cause or valid circumstances for his resignation and reversed the Claims Examiner. The DLLR thus denied unemployment benefits to appellee, on the ground that he voluntarily quit his employment without good cause or valid circumstances. Md.Code, (1991 Repl.Vol., 1998 Supp.), Lab. & Empl. Art., § 8–1001. The Board affirmed that ruling.

Woodie then retained counsel and filed a petition for judicial review in the Circuit Court for Harford County. In addition to the memorandum required by Md. Rule 7–207, he also submitted an "Application of Petitioner for Leave to Offer Additional Evidence." Woodie purportedly based his motion on Md. Rule 7–208(c) and § 10–222(f) of the State Government Article (the Administrative Procedure Act). In it, he requested that the circuit court allow him to offer an assortment of evidence that he failed to present at the administrative hearing. The court addressed the appellee's motion to present additional evidence. Woodie's motion stated, *inter alia:*

> Mr. Woodie would like this Court to see trip information concerning all his destinations, which would show the routes and driving times for each trip. . . .

Mr. Woodie would also like to present record evidence for Rudy's which would show, for the six month period prior to Mr. Woodie's quitting, the number of trips made by Rudy's drivers and the number of different drivers.

Mr. Woodie also contends that [another] driver, Tom Marley, would support Mr. Woodie's contention that Rudy was operating with minimal drivers. . . .

The motion stated that "[t]he reasons that this evidence was not offered before the Hearing Examiner are, it is proffered, because Mr. Woodie did not know how to go about doing it." The motion did not proffer, however, that Woodie had attempted to secure the witness Marley or to gather the documents he sought to present.

The court initially noted that it did not have the authority to hear evidence itself, but then stated that it did have the authority "to remand it to the Board and Hearing Officer to take additional testimony." Counsel for the appellee supported the court's position and, during argument on the motion, cited § 10–222(f) of the State Government Article as the statute that authorizes a remand for additional evidence.

Appellant contended that the circuit court's sole function in a judicial review proceeding is to review the record for substantial evidence and that it had no authority to remand for additional evidence. Nevertheless, the court remanded the case for a "supplemental hearing to allow [the Board] to take additional testimony to supplement the issues that are currently before the Board . . . ." Further, the Administrative Procedure Act, by its own express terms, does not pertain to unemployment insurance (UI) proceedings. The appellants also argued that Woodie was properly notified that the evidentiary hearing before the DLLR Hearing Examiner was the parties' final opportunity to present evidence and that Woodie had no legitimate justification for his failure to present evidence in that forum. Counsel for the employer pointed out that the scheduling notice sent to both parties prior to the evidentiary hearing contained the following statement under the heading:

NOTE TO PARTIES: "This hearing is the last step at which either the claimant or the employer has the absolute right to present evidence."

In addition, the reverse side of the notice advised the parties that they "should arrange for all necessary witnesses to attend the hearing, and for all necessary documents to be presented at the hearing," and instructed the parties on the procedures for subpoenaing witnesses and documents.

Nevertheless, the court remanded for a "supplemental hearing." The court cited "inherent fairness" and the fact that "a layman is always sort of at a disadvantage understanding the procedures and understanding the law" as its reasons for remanding the case. The court added that "it's clear that there's a good deal of information that he does have to present and possibly he didn't know what was going to be said by the Employer because he didn't understand what he needed, what the legal standard was."

### *Discussion*

By remanding Woodie's case to the Department, the circuit court exceeded its authority for review under § 8–512(d) of the Labor and Employment Article. Furthermore, § 2(f) Administrative Procedures Act (APA), Md.Code, (1995 Repl.Vol., 1998 Supp.) State Gov. Art., § 10–222(f), on which it also relied, does not apply to UI claim determinations. Finally, the appellee's obligation to follow procedural guidelines is no less simply because he proceeds *pro se.* We thus remand this case to the circuit court for review of the DLLR proceedings consistent with its role under § 8–512(d).

### I

Section 8–512(d) of the Labor and Employment Article controls the circuit court's scope of review of appeals from the Department of Labor, Licensing, and Regulation. That section provides:

In a judicial proceeding under this section, findings of fact of the Board of Appeals are conclusive and the jurisdiction of the court is confined to questions of law if-

> (1) findings of fact are supported by substantial evidence that is competent, material, and substantial in view of the entire record;  and
>
> (2) there is no fraud.

This Court repeatedly has stated that "judicial review of a decision of an administrative agency is narrow." *Blaker v. State Bd. of Chiropractic Examiners,* 123 Md.App. 243, 254, 717 A.2d 964 (1998) (citing *United Parcel Serv. Inc. v. People's Counsel,* 336 Md. 569, 576, 650 A.2d 226 (1994)). The reviewing court simply determines where there exists substantial evidence in the record as a whole to support the agency's final decision. *Id.*

With substantial evidence and absent fraud, agency decisions are presumed valid. The reviewing court merely asks whether "reasoning minds could reach the same conclusion from the facts relied upon by the Board." *Department of Labor, Licensing & Regulation v. Hider,* 349 Md. 71, 78, 706 A.2d 1073 (1998) (citing *Baltimore Lutheran High School Ass'n v. Employment Sec. Admin.,* 302 Md. 649, 661–62, 490 A.2d 701, 708 (1985)). Further, the reviewing court may not "substitute its judgment for the *expertise* of those persons who constitute the administrative agency from which the appeal is taken." *Board of Education of Montgomery County v. Paynter,* 303 Md. 22, 35, 491 A.2d 1186, 1193 (1985) (emphasis in original). Instead, the administrative agency's decision is considered *prima facie* correct, and an appellate court must view that decision in the light most favorable to the agency. *Id.* at 35–36, 491 A.2d at 1193.

In this case, the circuit court ignored these well-settled principles and overstepped its limited jurisdiction. The court correctly noted that "the unemployment law is silent on the [remand] issue," but erroneously assumed that silence conveys tacit authority. It does not. Instead, unemployment insurance law is silent on the issue of remands because it simply

does not contemplate them, absent extraordinary circumstances.

Although Maryland Rule 7–209 grants nominal remand authority to circuit courts acting in an appellate capacity,[2] the case law delineates strict limits for such authority. In *Juiliano v. Lion's Manor Nursing Home*, 62 Md.App. 145, 488 A.2d 538 (1985), this Court held that a remand to the administrative agency is appropriate "only after [the court] reviews the record for substantial evidence and finds it lacking." *Id.* at 155, 488 A.2d at 544. The Court went on to say:

> The circuit court ... recognized that it did not have jurisdiction to conduct additional fact finding itself, but its remand order was inappropriate because it had not yet determined whether the evidence supported the agency findings.... Thus, in unemployment compensation cases, the court must review the record—if it supports the agency findings, no further fact-finding is warranted and the court may proceed to review the law.

*Id.* at 156–57, 488 A.2d at 544. Furthermore, in *Holiday Spas v. Montgomery County Human Relations Comm'n*, 315 Md. 390, 554 A.2d 1197 (1989), the Court of Appeals stated that "[a] court ordinarily should not ... remand an administrative proceeding before initiating any review whatsoever.... Remanding a case without any review is tantamount to denying review." *Id.* at 400, 554 A.2d at 1202.

In this case, the circuit court did not conduct the required review of the record before deciding to remand for what it termed a "supplemental hearing." In so doing, the court failed to carry out its primary statutory obligation to review the record for substantial evidence. Circuit courts sitting in judicial review are essentially appellate courts and, as such, must act only to correct errors. Here, the circuit

---

**2.** "Unless otherwise provided by law, the court may dismiss the action for judicial review or may affirm, reverse, or modify the agency's order or action, remand the action to the agency for further proceedings, or an appropriate combination of the above." Md. Rule 7–209.

court declined to review the record for error before it decided to allow the appellee a second opportunity to present evidence.

Finally, cases construing the predecessor to Rule 7–209 could be read to limit remand *prior to* review in the circuit court to situations "where it is made to appear that the agency itself desires to take additional testimony and to reconsider the case." *Mid–Towne Plymouth, Inc. v. State Dep't of Assessments & Taxation,* 228 Md. 66, 70, 178 A.2d 422, 424 (1962). Agencies request such remands to cure factual ambiguities and other defects in the record. In those circumstances, a remand serves to enhance the circuit court's eventual review of the case and to protect the interests of the parties.

Here, however, the Department has made no such request. Although Judge Carr cited this principle when he granted the appellee's motion, the state has made no such request here; neither are there cognizable defects in the record. Instead, the only end served by a remand is to allow the appellee a second opportunity to present evidence: evidence he was free to present at his first hearing. Consequently, the court's ruling in this case is prejudicial to the appellants because it needlessly vacates the Board's decision and requires the employer to appear before the Department for a second evidentiary hearing. Thus, for this reason and those stated above, we reverse its decision on the appellee's motion and remand this matter so that the circuit court might perform its primary function in accordance with the law.

II

In remanding this case to the Board, the court relied, at least in part, on § 2(f) of the Maryland APA, Md.Code, State Gov. Art., § 10–222(f):

> [The Court]: Preliminarily, there's a motion to take additional testimony. I'm not sure that the Court has authority to do that, but I do have the authority to remand it to the Board and Hearing Officer to take additional testimony. What's your position on that?

[Appellee's Counsel]: I believe you certainly do, Your Honor, pursuant to, I think it's, 10–222.

[The Court]: Of the Administrative Procedures Act?

[Appellee's Counsel]: Right. On 2(f) [3] it says that judicial review of disputed issues of fact shall be confined to the record for judicial review supplemented by additional evidence taken pursuant to this section.

■■■ While this provision no doubt permits the taking of supplemental evidence in some administrative appeals, the Administrative Procedure Act, by its own express terms, does not apply to UI cases. Section 10–203 of the APA plainly states the statute's scope:

(a) General Exclusions.—This subtitle does not apply to:

(5) unemployment insurance claim determinations, tax determinations, and appeals in the Department of Labor, Licensing, and Regulation, except as specifically provided in Subtitle 5 of Title 8 of the Labor and Employment Article. . . .

Md.Code Ann., State Gov. Art. § 10–202(g) (emphasis added); *see also Board of Education of Montgomery County v. Paynter*, 303 Md. at 34, 491 A.2d at 1192 ("Board of Appeals [of the

---

3. The full text of the provision cited by appellee's counsel at the time reads as follows:

(f) Additional evidence before agency.—(1) Judicial review of disputed issues of fact shall be confined to the record for judicial review supplemented by additional evidence taken pursuant to this section.

(2) The court may order the presiding officer to take additional evidence on terms that the court considers proper if:

(i) before the hearing date in court, a party applies for leave to offer additional evidence; and

(ii) the court is satisfied that:

1. the evidence is material; and

2. there were good reasons for the failure to offer the evidence in the proceeding before the presiding officer.

Md.Code, State Gov. Art., § 10–222(f). "Presiding officer" is defined elsewhere in the subtitle as "the board, commission, agency head, administrative law judge, or other authorized person conducting an administrative proceeding under this subtitle." Md.Code, State Gov. Art., § 10–202(g).

then-Employment Security Administration] is excluded from the Administrative Procedure Act. . . .").

Under the plain meaning of the Administrative Procedure Act, the statute generally does not apply in UI proceedings. *See, e.g., McGraw v. Loyola Ford,* 124 Md.App. 560, 592, 723 A.2d 502 (1999) (holding that the statute itself is the primary source for determining the intent of the legislature, and the Court is to " 'give[ ] that language its natural and ordinary meaning' ") (quoting *Montgomery County v. Buckman,* 333 Md. 516, 523, 636 A.2d 448 (1994)). The phrase "except as specifically provided" means that the APA applies only in those limited circumstances provided in the UI statute itself. The part of the UI statute dealing with judicial review, Md.Code Ann., Labor & Employ. Art., § 8–512, however, does not reference the APA, and nothing in the UI statute indicates that it should incorporate the APA's "supplemental evidence" provisions in § 222(f). Accordingly, the circuit court erred in relying on the APA as a basis for remanding this case, and we must remand this case for review consistent with the plain language of the APA.

## III

Finally, in his motion to offer additional evidence in the circuit court, Woodie's counsel claimed that his client did not present evidence to the Hearing Examiner because he "did not know how to go about doing it." The court sympathized with appellee's claim, stating at the hearing that "[e]ven the best layman get [*sic* ] confused and doesn't understand. There's the discovery that he doesn't know about and what's going to be said." Indeed, the court's decision seemed to be based in large part on the notion that because *pro se* litigants lack training and experience in the rules of procedure, they are entitled to procedural leeway in proving their cases. According to the court, "a layman is always sort of at a disadvantage understanding the procedures and understanding the law."

The court, however, erred by giving the appellee a "second bite at the apple" simply because he was not repre-

sented by counsel during the administrative hearings. It is a well-established principle of Maryland law that *pro se* parties must adhere to procedural rules in the same manner as those represented by counsel. Indeed, this Court has stated that "[t]he principle of applying the rules equally to *pro se* litigants is so accepted that it is almost self-evident." *Tretick v. Layman,* 95 Md.App. 62, 68, 619 A.2d 201, 204 (1993); *see also Pickett v. Noba, Inc.,* 122 Md.App. 566, 568, 714 A.2d 212, 213 (1998) ("While we recognize and sympathize with those whose economic means require self-representation, we also need to adhere to procedural rules in order to maintain consistency in the judicial system.").

In this case, the appellee did not follow DLLR's rules regarding the presentation of evidence at the *de novo* hearing. When the employer appealed the determination of the Claims Examiner, DLLR's Appeals Division mailed a scheduling notice to both parties informing them of the date, time, and location of the *de novo* hearing. Just below that information, on the front page of the scheduling notice, DLLR advised the parties that "[t]his hearing is the last step at which either the claimant or the employer has the absolute right to present evidence. The decision will be made on the evidence presented." In addition, the notice stated, in bold print, that additional "important information" could be found on the reverse side. There, under the heading Witnesses and Subpoenas, the notice read:

> Each party should arrange for all necessary witnesses to attend the hearing, and for all necessary documents to be presented at the hearing. If witnesses will not appear or documents will not be produced voluntarily, you may request a subpoena from the Appeals Division.

Finally, the notice advised that "[a] party may be represented by an attorney, or other authorized agent."

The appellee thus had clear notice of his obligation to present his case before the DLLR Hearing Examiner.[4] The

---

4. The appellee never alleged that he did not receive the scheduling notice, and the record shows that it was mailed to the appellee's correct address.

rules cited above are simple and clear, and even if the appellee needed clarification, he could have obtained that information in the weeks preceding the hearing. In fact, Woodie had additional time to gather evidence and obtain witnesses after Rudy's representatives failed to attend the first scheduled evidentiary hearing. Furthermore, the appellee's contention that he "did not know how to go about [presenting evidence]" is implausible in light of the fact that he did submit portions of his driving logs. The Hearing Examiner admitted the logs for February 1998 (Claimant's Exhibit 1), and January 1998 (Claimant's Exhibit 2), but rejected logs for earlier months as being too remote in time from the termination and, therefore, irrelevant.[5] Thus, regardless of his unsupported statements, the appellee's conduct shows that he was aware of his obligation to present evidence, and he simply failed to obtain the documents or compel the attendance of the witness raised in his motion to the circuit court. Because nothing in the record indicates that Woodie even tried in good faith to present evidence supporting his own interests, the circuit court erred when it granted him a second chance.

### Conclusion

Because of the high volume of UI cases filed in the Department of Labor, Licensing, and Regulation, the Department must maintain a streamlined process for the disposition of those cases. The legislature supported this goal by narrowing the focus of judicial review for UI eligibility cases in the circuit courts. Under this regime, the Department requires

---

**5.** There is no merit to Woodie's argument that the Hearing Examiner should have considered the earlier months as part of the totality of the circumstances. Hearing examiners have discretion to accept or reject evidence based on the reliability and probative value of the evidence to satisfy procedural due process. *See Department of Public Safety and Correctional Services v. Cole*, 342 Md. 12, 32, 672 A.2d 1115 (1996). In this case, moreover, the Hearing Examiner, applying the same standard, also rejected some evidence proffered by the employer's representatives. The Hearing Examiner did not admit a document offered by Rudy, which purported to contain an inter-office conversation regarding the appellee, on the grounds that it occurred post-separation and was therefore irrelevant.

that all parties present their evidence in the *de novo* hearing before the DLLR Hearing Examiner, and sets forth this requirement clearly in the scheduling notice mailed to the parties in advance of the hearing.

The circuit court in this case did not find that the Department's requirements were unreasonable or that the Department failed properly to advise the appellee of its requirements. Nevertheless, it sent the case back to DLLR in order to give the appellee a second bite at the UI apple. Thus, the circuit court's order infringes on the Department's legislatively granted power to manage its docket in an orderly manner. Accordingly, we cannot ratify the circuit court's action in this case. We thus vacate the court's order and remand this case with instructions to review the case in accordance with § 8–512 of the Labor and Employment Article of the Maryland Code.

**JUDGMENT VACATED. REMANDED TO THE CIRCUIT COURT FOR HARFORD COUNTY.**

**COSTS TO BE PAID BY APPELLANT, DEPARTMENT OF LABOR, LICENSING, AND REGULATION.**