78 A.3d 926

ANNE ARUNDEL COUNTY

v.

Mary E. RODE, et al.

No. 0809, Sept. Term, 2012.

Court of Special Appeals of Maryland.

Nov. 4, 2013.

Julie T. Sweeney (Jonathan A. Hodgson, Anne Arundel County Office of Law, on the brief) Annapolis, MD, for appellant.

Gina M. Serra (Douglas F. Gansler, Atty. Gen., on the brief) Baltimore, MD, for appellee.

Panel: WOODWARD, HOTTEN, CHARLES E. MOYLAN, JR. (Retired, Specially Assigned), JJ.

CHARLES E. MOYLAN, JR. (Retired, Specially Assigned), J.

In trying to identify 1) who is the appellant in this case, 2) who is the appellee, 3) what precise decision is being appealed, and 4) whether such decision is at this time appealable, the Court feels as if it were stranded in a hall of mirrors. The players, without any formal notification to the referees, seem to be switching teams in the middle of the game.

## Procedural Background

The appellee is formally listed as Mary E. Rode, but Mary Rode has not filed an appellate brief, did not participate in the oral argument before us, and has no obvious interest in the outcome of this appeal. Ms. Rode was a less than full-time employee, as a school crossing guard, of the ostensible appellant, Anne Arundel County. She sought, but was ultimately denied, unemployment insurance benefits from the Board of Appeals of the Maryland Department of Labor, Licensing and Regulation ("DLLR"), also a party, although in what capacity it is far from clear. Anne Arundel County at all times opposed the granting of unemployment benefits to Ms. Rode. Before the Board of Appeals, Anne Arundel County prevailed and it appeared that, going forward, the interests of the DLLR and the County were one and the same.

Ms. Rode appealed that adverse decision by the Board of Appeals to the Circuit Court for Anne Arundel County. In that litigation, she was unquestionably the appellant/plaintiff/claimant. Responding to that appeal and ultimately appearing as defendants in the circuit court litigation were the County and the DLLR, both of whom had precisely the same interest in affirming the decision of the Board of Appeals. At that point they were presumably amicable co-defendants. What followed was, at bottom, a tactical disagreement between counsel for the respective co-defendants as to how best to handle their case in the circuit court, a disagreement as to trial tactics in which Ms. Rode was totally uninvolved.

## A Clash of Strategies

On May 3, 2012, the DLLR, without notice to the County, filed a Motion to Remand the case to the DLLR. The County ultimately opposed the remand. The DLLR wished to check over the opinion of the Board of Appeals more closely and, if necessary, to fine-tune it. The County felt that the Board's opinion could be affirmed just as it stood and was anxious to move ahead. After some now immaterial procedural maneuvering, a hearing on the remand issue was held in the circuit

court on October 1, 2012, and the court ordered the remand. Ms. Rode remained at all times above the procedural fray.

The County, as the prevailing party in the action then pending in the circuit court, is now appealing from the circuit court's acquiescence in a procedural move made by the County's co-defendant. The County claims that it is defending its right to appeal, but it does not appear to us that that right is in jeopardy. Should the Board of Appeals, on remand, affirm its earlier decision, the County will be in the same position it is now in, defending against Ms. Rode's appeal. Should the Board of Appeals, on remand, reach the opposite conclusion, the County will be back before the circuit court as the appellant.

Neither the County nor the DLLR has offered any legal authority, or even any helpful thought, as to the propriety of one co-defendant's appealing from a tactical decision made by another co-defendant. The County and the DLLR were both on the defending side of Ms. Rode's appeal to the circuit court. It is as if one co-counsel were requesting a continuance and the other were opposing it or as if one co-counsel wished to call a particular witness and the other did not. Conflicting trial strategies are, at the very least, questionable grist for the appellate mill. Out of quiet desperation, however, we will treat the County as an appropriate appellant and the DLLR as an appropriate *de facto* appellee.

## Final Judgments and Appealability

In another sense, however, the propriety of this appeal remains very much in issue. There is a real question as to whether the remand in this case was an appealable final order. It is, to be sure, a tricky question, because some circuit court remands to administrative agencies are final orders and others are not. One size does not fit all.

Let it be noted at the outset that the request for a remand in this case came from the administrative agency itself. Let it also be noted that the remand was both requested and ordered before there had been any remote glimmer of consider-

ation of the merits of the contested unemployment benefits. The remand, moreover, was not for the purpose of taking additional evidence. All three are important criteria in distinguishing permissible remands from impermissible ones and in thereby distinguishing non-final orders from final ones.

The remand order of October 1, 2012 came well before a hearing on Ms. Rode's appeal was convened and, therefore, before any consideration of the merits of her appeal was even contemplated. At the hearing on the request for a remand, Gina Serra, Esq., counsel for the DLLR, explained the DLLR's reason for requesting a remand:

And here what we have is the agency specifically asking we would like to review this case again. *It is not to allow anybody, either party, an opportunity to introduce new evidence, which was the crux of the issue in [Department of Labor, Licensing & Regulation v. Woodie,* 128 Md.App. 398, 738 A.2d 334 (1999) ] where he appeared for that hearing and then he did not like the outcome and then he saw an opportunity for a second bite of the apple. *Nobody is asking for that in this case.* It is simply that *when I reviewed the decision and the record, I had some concerns and I asked the Board to take it back.* And, obviously, I can't go into any details because that is attorney-client privilege communication. But that is what happened in the case. So, *we are asking for the Board to have an opportunity to look at all of the evidence again and read the transcript instead of listening to the tapes, which is different.* It is very different to listen than actually being able to sit and take your time and read the words. That is why we have transcripts in most proceedings. And *then let the agency issue another decision and all of the appeal rights can follow from that. Whether it will be the County or Ms. Rode, anybody could appeal, any aggrieved party can appeal.* And the [*Woodie* ] case does not prevent that from happening. And *there is no authority that says the circuit court cannot grant a motion for remand when the agency requests that remand.* And it is to secure any kind of defect in the record and *the Board wants to make sure that*

*there is no defect in their decision.* And so for those reasons, we ask that you deny the motion to vacate the order for remand and let this case go back to the Board of Appeals to re-review the decision that they rendered in this case.

(Emphasis supplied).

In our opinion, the circuit court's granting of the DLLR's motion for a remand to the Board of Appeals was not a final judgment within the contemplation of Maryland Code, Courts and Judicial Proceedings Article, § 12–301, and this appeal is, therefore, premature. In *Peat, Marwick, Mitchell & Co. v. Los Angeles Rams,* 284 Md. 86, 91, 394 A.2d 801 (1978), the Court of Appeals defined a "final judgment":

> [W]e have stated as a general rule that in order to be appealable a "judgment must be so final as to determine and conclude rights involved, or deny the appellant means of further prosecuting or defending his rights and interests in the subject matter of the proceeding."

### The Hidden Danger In Overly General Language

Whether a remand to an administrative agency is or is not an appealable final judgment is by no means free of confusion. Some cases have held that such remands are appealable final judgments; other cases have held that they are not. The cases are not necessarily in conflict, although at first glance they certainly seem to be. The problem is that individual opinions, looking myopically only at the particular remand under scrutiny, have treated the entire procedural phenomenon of remanding as an undifferentiated monolith. A more subtle perception of the phenomenon is called for. The phenomenon is not monolithic but is variegated, and a discriminating eye would be helpful. The caselaw, however, speaks stolidly of remands in absolute and binary terms—"final or non-final." It has failed to appreciate that some remands may, indeed, be appealable final judgments whereas others may not. A more nuanced analysis and phraseology is badly needed.

## Non–Final Remands and Final Remands

A shining exception to our editorial criticism of this general heavy-handedness in the caselaw is the incisive analysis of Judge Dale Cathell in *Hickory Hills Limited Partnership v. Secretary of State of Maryland,* 84 Md.App. 677, 581 A.2d 834 (1990). Recognizing at the outset the pluralistic nature of the remand, Judge Cathell surgically differentiated between those remands that are, indeed, final judgments and those others that are not. Uniquely, *Hickory Hills* was painstakingly careful to speak of the non-final remand before it in meticulously specific terms and did not speak slackly as if it were dealing with all remands generally. Unfortunately, most of the caselaw has not been so meticulous, making reliance on it treacherous. *Hickory Hills,* as essentially the only opinion not to look simplistically upon the remand as an indivisible monolith, is the star we choose to follow.

In *Hickory Hills,* the pertinent administrative agency was the Secretary of State of Maryland. The Hickory Hills Limited Partnership had appealed a decision of the Secretary to the Circuit Court for Anne Arundel County. The opinion of this Court, 84 Md.App. at 679, 581 A.2d 834, pinpointed the procedural step in issue.

Hickory Hills filed an appeal to the Circuit Court for Anne Arundel County, and an oral argument on the appeal was scheduled for December 11, 1989. *Three days prior to that oral argument, the Secretary filed a Motion to Remand for Additional Evidence to be taken by the Secretary. ... At that hearing, the court heard only the motion and did not consider the substance of the appeal.* On that same day, the court granted the Secretary's Motion to Remand. It is from that order that this appeal and the Motion to Dismiss arise.

(Emphasis supplied).

In major measure, the question then before this Court is the question now before us. Judge Cathell, 84 Md.App. at 679–80, 581 A.2d 834, posed the single issue before the Court:

The issue, as we phrase it, is: *Whether an order* of the circuit court, *remanding to the administrative agency* for taking of additional evidence *when the circuit court has not yet heard or decided the appeal from the administrative agency, is a final order, and therefore, appealable.*

(Emphasis supplied).

In terms of the finality of the circuit court's decision, *Hickory Hills* drew a critical distinction between an action by the reviewing circuit court pursuant to Maryland Code, State Government Article, § 10–215(e) [now recodified as § 10–222(f) ] and one pursuant to § 10–215(g) [now recodified as § 10–222(h) ]. Section 10–215(e) then provided, as does § 10–222(f) today:

(f) *Additional evidence before agency.*—(1) Judicial review of disputed issues of fact shall be confined to the record for judicial review supplemented by additional evidence taken pursuant to this section.

(2) The court may order the presiding officer to take additional evidence on terms that the court considers proper if:

(i) before the hearing date in court, a party applies for leave to offer additional evidence; and

(ii) the court is satisfied that:

1.  the evidence is material; and

2.  there were good reasons for the failure to offer the evidence in the proceeding before the presiding officer.

(3) On the basis of the additional evidence, the final decision maker may modify the findings and decision.

(4) *The final decision maker shall file with the reviewing court,* as part of the record:

(i) the additional evidence; and

(ii) *any modifications of the findings or decision.*

(Emphasis supplied).

Whereas the remand in *Hickory Hills* had been for the purpose of taking additional evidence, the even more innocuous remand in this case was to permit the DLLR to re-

examine closely its decision; to fine-tune it, if necessary; and to make sure that it was legally correct. *Hickory Hills,* 84 Md.App. at 680–81, 581 A.2d 834, described both a necessary precondition of a § 10–215(e) remand and the non-final impact of such a remand.

> *The scheme of § 10–215(e) appears to give the circuit court continuing jurisdiction over the appeal* from the administrative agency. We conclude this because first, § 10–215(e)(1)(i) requires that such motion be made *prior to the hearing date in court,* and second, § 10–215(e)(3) requires that the agency file with the *reviewing court,* as part of the record, the additional evidence and any modifications of the findings or decision. Those two provisions of § 10–215(e) make clear that *the circuit court retains jurisdiction over the appeal.*

(Emphasis supplied).

Judge Cathell's analysis made it clear that with respect to both the request for a remand and the granting of the remand, timing was of the essence.

> It is of utmost importance to understand that under this section, if additional evidence is to be taken by the administrative agency, *the motion must be made prior to the hearing date in court.* This means that *the court will not have heard the appeal on the merits until* the administrative agency has first received the additional evidence, and *that same evidence, with any modifications of the agency's findings or decision, is later made available to the court under § 10–215(e)(3).*

84 Md.App. at 681, 581 A.2d 834 (emphasis supplied).

Section 10–215(e)(3) [now § 10–222(f)(4) ] made it clear that the desired product of the remand might well be either additional evidence, as in the *Hickory Hills* case, or "modifications of the findings or decision" of the agency, as in the case now before us. That subsection provides:

> The final decision maker shall file with the reviewing court, as part of the record:
>
> > (i) the additional evidence; and

(ii) any modifications of the findings or decision.

The *Hickory Hills* opinion then contrasted a § 10–215(e) remand with the distinctly different remand contemplated by § 10–215(g). That section [now § 10–222(h) ] provides:

(h) *Decision.*—In a proceeding under this section, the court may:

(1) remand the case for further proceedings;

(2) affirm the final decision; or

(3) reverse or modify the decision if any substantial right of the petitioner may have been prejudiced because a finding, conclusion, or decision:

(i) is unconstitutional;

(ii) exceeds the statutory authority or jurisdiction of the final decision maker;

(iii) results from an unlawful procedure;

(iv) is affected by any other error of law;

(v) is unsupported by competent, material, and substantial evidence in light of the entire record as submitted; or

(vi) is arbitrary or capricious.

As our opinion noted, 84 Md.App. at 681, 581 A.2d 834, that subsection "is applicable only after the circuit court hears the appeal on the merits." Our characterization of the distinction went on:

The very title of § 10–215(g) [and of § 10–222(h) today] is "Decision," and the language of that whole subsection necessarily denotes that the court has completed its review of the case.

*Id.*

### The Inapplicability of a Different Type of Remand

Our opinion in *Hickory Hills* then observed that the Court of Appeals in *Schultz v. Pritts,* 291 Md. 1, 432 A.2d 1319 (1981), albeit not making any distinction between a § 10–215(e) remand and a § 10–215(g) remand, had in fact been dealing with a § 10–215(g) type of remand and that its lan-

guage would, despite its facial generality, only be applicable to that type of a remand:

When a court remands a proceeding to an administrative agency, *the matter reverts to the processes of the agency, and there is nothing further for the court to do.* Such an order is an appealable final order because it terminates the judicial proceeding and *denies the parties means of further prosecuting or defending their rights in the judicial proceeding.*

291 Md. at 6, 432 A.2d 1319 (emphasis supplied). See *Hickory Hills,* 84 Md.App. at 681–82, 581 A.2d 834.

In *Hickory Hills,* we carefully contrasted the § 10–215(e) remand with the very different variety of remand that had been before the Court of Appeals in *Schultz v. Pritts.*

*Under § 10–215(e), however,* contrary to what the Court of Appeals said above, *there is something further the court must do,* i.e., review the additional evidence taken by the administrative agency and *complete its appellate hearing on the merits.*

84 Md.App. at 682, 581 A.2d 834 (emphasis supplied).

In *Breedon v. Maryland State Department of Education,* 45 Md.App. 73, 86–87, 411 A.2d 1073 (1980), this Court was dealing with a predecessor provision to what became § 10–215(e), but our reasoning as to why the remand there was non-final remains applicable:

This section does not require a complete remand of the case to the administrative agency, but rather *it anticipates a referral for the receipt of additional evidence with an opportunity for the agency to modify its findings or decision. The circuit court remains a "reviewing court," and the section clearly requires the agency to submit the additional evidence to the court along with its modifications, if any. The APA [Administrative Procedure Act] contemplates that the circuit court,* while ordering additional evidence to be received by the agency, *retains continuing jurisdiction over the appeal.* After the agency has complet-

ed its action, the circuit court may then proceed with its consideration of the appeal on the merits.

(Emphasis supplied).

It is for precisely the same reasons that the remand in *Hickory Hills* was held to be a non-final judgment and, therefore, not appealable, that we hold that the remand in this case was a non-final judgment and, therefore, not appealable.

### The *Woodie* Case

Both parties in this case rely heavily on *Department of Labor, Licensing & Regulation v. Woodie*, 128 Md.App. 398, 738 A.2d 334 (1999). We are not unmindful that the Administrative Procedure Act (State Government Article, Title 10, Subtitle 2) does not apply to unemployment insurance (UI) cases. As *Woodie*, 128 Md.App. at 409, 738 A.2d 334, made clear:

> While this provision no doubt permits the taking of supplemental evidence in some administrative appeals, *the Administrative Procedure Act*, by its own express terms, *does not apply to UI cases*. Section 10–203 of the APA plainly states the statute's scope:

> (a) General Exclusions.—This subtitle does not apply to:

> . . .

> (5) unemployment insurance claim determinations, tax determinations, and appeals in the Department of Labor, Licensing, and Regulation, except as specifically provided in Subtitle [5A] of Title 8 of the Labor and Employment Article

> . . . .

(Emphasis supplied). See also *Board of Education of Montgomery County v. Paynter*, 303 Md. 22, 34, 491 A.2d 1186 (1985).

Judicial review in the circuit court of a decision by the Board of Appeals in an unemployment insurance case is, to be sure, controlled by Maryland Code, Labor and Employment Article, § 8–5A–12. That section does not track what is now § 10–222 of the State Government Article, but neither does it

contradict it. As *Woodie* points out, 128 Md.App. at 406–07, 738 A.2d 334, "[U]nemployment insurance law is silent on the issue of remands because it simply does not contemplate them, absent extraordinary circumstances."

### The Only Issue Is Appealability

Any difference between the State Government Article and the Labor and Employment Article, moreover, does not in any way compromise our reliance on Judge Cathell's analysis in *Hickory Hills*. Our concern is not with the existence or non-existence of the authority to remand nor is it with the validity or propriety of any particular remand. Our focus, rather, is exclusively on the limited issue of whether the remand in this case, valid or invalid on its merits, was an immediately appealable final judgment. We are looking only at the threshold issue of whether to address the merits at this time or to defer our consideration of those merits to some subsequent time. Until that threshold question is answered, the ultimate merits of the remand do not concern us. Our concern is not with "remand" law but with "final judgment" law. In that regard, *Hickory Hills's* analysis of why certain remands, rightly or wrongly ordered, would be final judgments and other remands would not be final judgments is unquestionably pertinent to the limited threshold issue before us.

In *Woodie,* as in this case, the issue was a remand from the circuit court to the DLLR. In the presence of a "judicial review" law that was cryptically "silent on the issue of remands," the *Woodie* analysis turned to Maryland Rule of Procedure 7–209, which provides:

> *Unless otherwise provided by law, the court may* dismiss the action for judicial review or may affirm, reverse, or modify the agency's order or action, *remand the action to the agency for further proceedings*, or an appropriate combination of the above.

(Emphasis supplied).

In *Woodie,* it bears repeating, the issue was the ultimate propriety of the remand, not its immediate appealability.

Although this Court in that case held that the remand was improper, the analysis clearly indicated that, under Rule 7–209, certain remands to an administrative agency, even in an unemployment insurance case, would be proper.

> [C]ases construing the predecessor to *Rule 7–209 could be read to limit remand prior to review in the circuit court to situations "where it is made to appear that the agency itself desires to take additional testimony and to reconsider the case."* Agencies request such remands to cure factual ambiguities and other defects in the record. In those circumstances, *a remand serves to enhance the circuit court's eventual review of the case and to protect the interests of the parties.*
>
> Here, however, the Department has made no such request.

128 Md.App. at 408, 738 A.2d 334 (emphasis supplied). See also *Mid–Towne Plymouth, Inc. v. State Department of Assessments and Taxation,* 228 Md. 66, 70, 178 A.2d 422 (1962) ("We find no abuse of discretion in *a remand prior to hearing, where it is made to appear that the agency itself desires to take additional testimony and to reconsider the case.*")(emphasis supplied).

In the present case, of course, both of those qualifying conditions were satisfied. The remand was ordered prior to any review on the merits in the circuit court. The request for the remand, moreover, was made by the administrative agency itself.

### Conclusion

The remand in this case, made prior to any consideration of the merits by the circuit court and in response to a request by the DLLR itself, represented nothing more than a brief delay in the ongoing review of Ms. Rode's appeal to the circuit court. The case was not over. The circuit court was not divested of its continuing jurisdiction over the case. Under these circumstances, the remand was not a final judgment. As a non-final judgment, it is not yet eligible for the appellate process and must be dismissed as premature.

716

APPEAL DISMISSED; COSTS TO BE PAID BY AP-PELLANT.